282 So.2d 652 (1973)
John A. BRYANT et al., Appellants,
v.
A.E. COLE et al., Appellees.
No. 72-36.
District Court of Appeal of Florida, Second District.
September 12, 1973.
*653 George J. Adler of Meyers & Mooney, Orlando, for appellant Bryant.
Grover C. Freeman, Tampa, for appellants Royal-Globe and Tampa Electric Co.
William J. Terry of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellee Cole.
McNULTY, Judge.
In this personal injury action appellant Bryant, an employee of Tampa Electric Company, slipped and fell at his place of employment at a time when appellee Cole was undertaking certain construction for the Tampa Electric Company at the latter's plant. The construction contract between Cole and Tampa Electric Company contained a provision relating to the extent of Cole's obligations in maintaining safety precautions at the job site. The material provisions of the contract in this regard are as follows:
"SAFETY PRECAUTIONS... . Contractor further understands that due to the nature of the work to be performed hereunder other hazardous or dangerous conditions, which are not necessarily related to the inherent dangers of electricity, may also be involved in the work. Accordingly, Contractor agrees prior to the commencement of the work to make necessary inspection and to ascertain the existence and extent of any actual or potential hazardous or dangerous conditions and to instruct his employees with respect to said conditions and to the safety measures to be taken in connection therewith. Contractor further agrees to take all necessary safety precautions, to furnish and install all safeguards necessary for the prevention of accidents and to otherwise fully comply with all laws, rules and regulations pertaining to safety and accident prevention.
REMOVAL OF REFUSE. The Contractor agrees to clean up the work as it progresses from day to day, and to remove therefrom and from the adjoining premises, driveways and streets all waste materials and rubbish, and, when the work is finished, to remove from the site of the work all tools, machinery, rubbish and all waste materials for which, in the opinion of the Engineers, the Contractor or its subcontractors are responsible, and to leave the work free and clear from all obstructions and hindrances. In addition, the Owner reserves the right to stop all construction work until the work area is restored to a neat and orderly appearance, if, in the Owner's opinion, this action is justified by excessive public complaints."
It was shown at trial that Bryant lost his footing and slipped as aforesaid when some loose rock rolled under his feet and that such loose rock came from and as a result of the Cole construction job.
Bryant sued Cole in negligence and, in a separate count, as a third-party beneficiary under the foregoing contractual provision *654 alleging that Cole breached his contractual undertaking to keep the job site clear of hazardous debris. The trial court directed a verdict against Bryant on the third-party beneficiary count but submitted the negligence issues to the jury. A verdict was rendered in favor of Cole. Bryant appeals only from the directed verdict on the third-party beneficiary count. We affirm.
To begin with, we do not construe the afore-quoted provisions of the contract between Tampa Electric Company and appellee Cole as showing an intention primarily and directly to benefit Bryant or the class of persons to which he belongs as third-party beneficiaries. If anything, appellant was at most an indirect or incidental beneficiary, which is not enough under the settled law of Florida.[1] True it is that Tampa Electric Company and Cole clearly contemplated that a third party might be injured by residual hazards on the job, but the primary purpose of the quoted provisions was to hold Tampa Electric Company harmless in the event thereof.[2] In this regard, the case differs from the New York case of Lanite Sales Co. v. Klevens Corp.,[3] heavily relied upon by appellants, wherein the agreement in question contained specific provisions relating to benefits directly accruing to third parties.
But even if we were to assume that appellant Bryant was a primary and direct beneficiary of the contract, it is clear that the essence of Cole's undertaking was "... to take all necessary safety precautions ... install all safeguards necessary for the prevention of accidents ... and to leave the work free and clear from all obstructions and hindrances... ." Now surely it cannot be said that Cole thereby undertook to become an absolute insurer against the possibility that the contemplated hazards may exist. So it follows that if he is liable under his undertaking at all it must be because of some fault or knowing breach on his part. That is to say, that he did not take all reasonably "necessary precautions," nor did he install all reasonable "safeguards for the prevention of accidents," nor did he leave the work reasonably "free and clear from all obstructions and hindrances." If any of the foregoing were the case, of course, he would have been guilty of negligence. But appellant got to the jury on this point, and to that extent did indeed receive the benefits of Cole's undertaking. He was not prejudiced, therefore, by the directed verdict complained of.
Affirmed.
LILES, A.C.J., and HOBSON, J., concur.
NOTES
[1] See, e.g., American Empire Insurance Co. of South Dakota v. The Fidelity and Deposit Co. of Maryland (5th Cir.1969) 408 F.2d 72; American Surety Co. of New York v. Smith (1930), 100 Fla. 1012, 130 So. 440; DiCamillo v. Westinghouse Electric Corporation (Fla.App. 1960), 122 So.2d 499.
[2] See, Southern California Gas Co. v. A.B.C. Construction Co. (Cal.2d Dist. 1962), 204 Cal. App.2d 747, 22 Cal. Rptr. 540; Silverman v. Food Fair Stores, Inc. (1962), 407 Pa. 507, 180 A.2d 894.
[3] (1954), 205 Misc. 303, 128 N.Y.S.2d 182.