587 F.2d 810
 AMERICAN EASTERN DEVELOPMENT CORPORATION, a Florida
Corporation, et al., Plaintiffs-Appellees,
v.
EVERGLADES MARINA, INC., Defendant,
Switzerland General Insurance Company, a Foreign
Corporation, Defendant-Appellant.
 No. 76-2044.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 12, 1979.
 
 Gerald M. Walsh, Mark R. Boyd, Fort Lauderdale, Fla., for Switzerland.
 Smathers & Thompson, Mercer K. Clarke, G. Morton Good, Miami, Fla., for plaintiffs-appellees.
 Appeals from the United States District Court for the Southern District of Florida; Norman C. Roettger, Jr., Judge.
 Before WISDOM, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM: CERTIFICATE FROM THE UNITED STATES COURT OF
 
 
 1
 APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF
 
 
 2
 FLORIDA, PURSUANT TO § 25.031, FLORIDA STATUTES (1975), AND
 
 
 3
 RULE 4.61, FLORIDA APPELLATE RULES.
 
 
 4
 To the Supreme Court of Florida and the Honorable Justices thereof:
 
 
 5
 It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this court involves questions or propositions of the law of the State of Florida which are determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of the State of Florida. This court certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein:
 
 I. Style of the case
 
 6
 The style of the case is American Eastern Development Corporation, a Florida corporation, Et Al., Plaintiffs-Appellees, v. Everglades Marina, Inc., Defendant, Switzerland General Insurance Company, a foreign corporation, Defendant-Appellant, Case No. 76-2044, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District for the Southern District of Florida.
 
 II. Statement of facts
 
 7
 American Eastern Development Corporation and Thomas E. O'Donnell each owned a pleasure boat stored at the Fort Lauderdale, Florida, marina operated by Everglades Marina, Inc. Both boats were stored in dry storage racks inside a building owned by Everglades. Everglades and Monroe Spodek, sole stockholder of Everglades, had encountered difficulty in meeting business obligations. On March 5, 1974, Spodek set fire to the building, damaging it and the boats.
 
 
 8
 American Eastern and O'Donnell made claims upon their insurance company, Royal Globe Insurance Companies. Royal Globe paid the claims and now is subrogated to the boat owners' rights against Everglades and its insurer, Switzerland General Insurance Company of New York. Default has been entered in both cases against Everglades. The insurance policy issued by Switzerland General was in full force and effect on the day of the fire, and the coverage had been increased by indorsement one or two days before the fire.
 
 
 9
 Everglades is liable to American Eastern and O'Donnell for damages caused their boats by Spodek's act of arson. The issue presented by this appeal is whether the insurance policy sold by Switzerland General to Everglades covers the damage caused by the fire to the boats of American Eastern and O'Donnell.
 
 
 10
 The policy in question covered the legal liability of Everglades for "loss or damage" to vessels stored in the Fort Lauderdale marina. It contains no specific exclusions from liability relevant to this case. Thus on its face the policy appears to cover the damage caused to the boats stored with Everglades.
 
 
 11
 Spodek intentionally and unlawfully set fire to the building. He did so not with the purpose or motive of destroying the boats, but this court has concluded that he knew or should have known that the natural and probable consequence of burning the building was that the boats stored inside it would be damaged by the fire.
 
 III. Questions to be certified
 
 12
 A. Under Florida law, are damages intentionally caused by criminal acts of the insured excluded from the liability of Switzerland General under its insurance policy even though the policy contains no express clause excluding such liability?
 
 
 13
 B. If there is such an exclusion of liability for damages intentionally caused by the criminal acts of the insured, are damages that are the necessary and probable consequence of a criminal act of the insured, which is intended to cause an injury or loss otherwise covered by the insurance policy (i. e., to the building), excluded from coverage, where the insured knew or should have known that the additional damage would result from said act?
 
 
 14
 The entire record in this case, together with copies of the briefs of the parties and certification in this court are transmitted herewith.