374 So.2d 517 (1979)
EVERGLADES MARINA, Inc., and Switzerland General Insurance Company, a Foreign Corporation, Appellants,
v.
AMERICAN EASTERN DEVELOPMENT CORPORATION, a Florida Corporation, and Thomas E. O'Donnell, Appellees.
No. 56,094.
Supreme Court of Florida.
July 26, 1979.
Rehearing Denied September 28, 1979.
*518 Gerald M. Walsh and Mark R. Boyd of Gerald M. Walsh & Associates, Fort Lauderdale, for appellants.
G. Morton Good of Smathers & Thompson, Miami, for appellees.
OVERTON, Justice.
The Court has before it for appropriate answer the following questions certified from the United States Court of Appeals, Fifth Circuit, pursuant to section 25.031, Florida Statutes (1977), and Florida Rule of Appellate Procedure 9.510:
A. Under Florida law, are damages intentionally caused by criminal acts of the insured excluded from the liability of Switzerland General under its insurance policy even though the policy contains no express clause excluding such liability?
B. If there is such an exclusion of liability for damages intentionally caused by the criminal acts of the insured, are damages that are the necessary and probable consequence of a criminal act of the insured, which is intended to cause an injury or loss otherwise covered by the insurance policy (i.e., to the building), excluded from coverage, where the insured knew or should have known that the additional damage would result from said act?
American Eastern Development Corp. v. Everglades Marina, Inc., 587 F.2d 810 (5th Cir.1979). For our response, we rephrase question one as follows:
Does the public policy as established by the laws of Florida prohibit third-party beneficiaries of an insurance policy from recovery of benefits because the loss was intentionally caused by criminal acts of the insured when the insurance policy contains no express clause excluding such liability?
We answer the question in the negative and find the third-party beneficiaries to be covered by the policy.
The record certified to us reflects the following relevant facts: The appellees, American Eastern Development Corporation (American Eastern) and Thomas E. O'Donnell (O'Donnell), each owned pleasure boats which were stored in dry storage racks inside a building owned and operated as a marina by Everglades Marina, Inc. (Everglades). Monroe Spodek was president and sole stockholder of Everglades. On March 5, 1974, he set fire to the building, damaging it and the boats belonging to appellees. The boat-owner appellees made claims upon their insurance company, Royal Globe Insurance Companies, which paid their claims and brought its subrogated claim against Everglades Marina and its insurer, Switzerland General Insurance Company. It is unrefuted that on the date of the fire Switzerland General had an insurance policy in full force covering the marina premises and the boats of the appellees as third-party beneficiaries under the policy. The issue for our determination is whether the insurance policy sold by Switzerland General to Everglades covers the damage caused by the fire to the boats of American Eastern and O'Donnell when the damage was caused by the criminal conduct of the sole stockholder of Everglades.
It is unrefuted in the record before us that Spodek intentionally and unlawfully set fire to the building. He did not do so with the purpose or motive of destroying the boats, but the Fifth Circuit concluded that he knew or should have known that the natural and probable consequence of burning the building was that the boats stored inside it would be damaged by the fire.
The appellant insurance company for the marina contends that the boat owners are precluded from recovery on the basis of the public policy that an insurance company is not liable to indemnify its insured for losses directly incurred by the insured's fraud or misconduct and the boat owners in this instance stand in the shoes of the insured.
Under Florida law, American Eastern and O'Donnell are third-party beneficiaries of the liability contract of insurance. *519 Beta Eta House Corp. v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970), aff'd as modified, 237 So.2d 163 (Fla. 1970). We recognize the long-established law of this state that an insurer is not liable to indemnify the insured for losses directly incurred by the fraud or misconduct of that insured. Schultz v. Pacific Insurance Co., 14 Fla. 73 (1872); Carter v. Carter, 88 So.2d 153 (Fla. 1956). This public policy precludes recovery under an insurance policy when the insured has committed a criminal act with known and necessary consequences. We reject, however, the request to extend that public policy doctrine to third-party beneficiaries of the insurance policy and, consequently, also reject the assertion by the appellant insurance company that the arson of the marina owner should be attributed or imputed to the boat owners who had their boats stored within the premises. There is no express clause excluding this coverage in the insurance policy, and the effect of appellant's contention is for us to insert an exclusion into this insurance contract on the basis of a public policy doctrine. In our view, there is no justification in these circumstances for public policy to mandate this exclusion. The boat owners neither knew nor participated in the criminal act. Establishing a public policy in this instance would be inconsistent with other basic law principles relating to innocent third parties. For example, the bona fide purchaser for value without notice does not lose his interests because of wrongdoing by the seller. See section 672.403(1), Florida Statutes (1977).
We note that a similar insurance coverage issue has been resolved in accordance with our holding by the District Court of Appeal, Second District, in Auto-Owners Insurance Co. v. Eddinger, 366 So.2d 123 (Fla. 2d DCA 1979), as well as by courts in other jurisdictions. Howell v. Ohio Casualty Insurance Co., 130 N.J. Super. 350, 327 A.2d 240 (N.J.App. 1974); Mercantile Trust Co. v. New York Underwriters Insurance Co., 376 F.2d 502 (7th Cir.1967); Hoyt v. New Hampshire Fire Insurance Co., 92 N.H. 242, 29 A.2d 121 (1942).
The first question certified by the Fifth Circuit Court of Appeals is answered in the negative for the reasons expressed, and, as a consequence, there is no necessity to answer the second question.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG and ALDERMAN, JJ., and VANN, Associate Justice, concur.
BOYD, J., dissents.