402 So.2d 1266 (1981)
SECURITY MUTUAL CASUALTY COMPANY, Appellant,
v.
Janice PACURA, Appellee.
No. 80-1515.
District Court of Appeal of Florida, Third District.
August 11, 1981.
Rehearing Denied September 22, 1981.
*1267 Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Blackwell Stieglitz, Miami, for appellant.
Joe N. Unger, Miami, for appellee.
Before BARKDULL and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The appellant, Security Mutual Casualty Company, seeks review of a final summary judgment for the plaintiff, awarding her damages under the medical expense coverage of an automobile insurance policy issued by the appellant to one Charles Calvin Whiddon.
On January 3, 1975, Janice Pacura was a passenger in her own automobile, which was being driven by Charles Whiddon. The automobile, which was not covered by any kind of insurance, was involved in an accident in which plaintiff Pacura (owner of the automobile) was injured, resulting in medical bills in excess of $6,000.00. Whiddon (the driver) was the son of the named insured of an automobile policy issued by the defendant (appellant herein), Security Mutual Casualty Company. At the time of the accident, Whiddon was a resident of the same household as the named insured of the Security policy. As a result of the accident, Pacura sued Security for uninsured motorist benefits and medical expense benefits. The trial court dismissed the uninsured motorist benefits claim with prejudice and granted Security a summary judgment on the medical expense benefits claim but, on rehearing, reversed itself and denied Security's motion for summary judgment. Pacura's subsequent motion for a summary judgment on her medical expense benefits claim was granted, with a summary judgment for such benefits entered in her behalf. This appeal by Security followed.
In the instant case we are considering a claim by an alleged third party beneficiary of an insurance contract. The right of a third party beneficiary to sue under a contract is recognized in Florida, but that right is limited to those situations where the provisions of the contract clearly show an intention primarily and directly to benefit the individual bringing suit or to a class of persons to which he claims to belong as a third party beneficiary. Wright v. Terry, 23 Fla. 160, 2 So. 6 (1887); McCann Plumbing Co. v. Plumbing Industry Program, 105 So.2d 26 (Fla. 3d DCA 1958); Bryant v. Cole, 282 So.2d 652 (Fla. 2d DCA 1973); Mulligan v. Wallace, 349 So.2d 745 (Fla. 3d DCA 1977).
Florida has also recognized the right of a third party beneficiary to bring an action directly against an insurer to recover under contractual provisions of medical payment *1268 coverages. Maxwell v. Southern American Fire Insurance Company, 235 So.2d 768 (Fla. 3d DCA 1970). However, in so holding, the court did not address itself to the question of whether or not the individual was in fact a third party beneficiary under the contract as that fact appeared without question. In the case sub judice, that is exactly the question at hand. The insurer claims the plaintiff was not covered by the policy, whereas the plaintiff is claiming that the policy is ambiguous and therefore she should be considered a third party beneficiary and thus insured under the medical payment coverage.[1]
As previously stated, in order to be considered a third party beneficiary to a contract, the parties to the contract must clearly intend its benefits extend to the third party. This does not appear from those portions of the policy quoted in footnote [1]; in fact, the policy clearly eliminates any coverage to the plaintiff as she owned the uninsured automobile involved in the accident. Nowhere has this principle been receded from. To permit her to claim as a third party beneficiary status based on an allegation that the contract is not clear would be contrary to the established law and should not be permitted.[2] See: Johnson v. United States Fire Insurance Company, 586 F.2d 1291 (8th Cir.1978). Therefore, the final summary judgment appealed herein is hereby reversed and the cause is remanded to the trial court with directions to enter a judgment for the appellant insurance company.
Reversed and remanded, with directions.
NOTES
[1] "MEDICAL EXPENSE COVERAGE

"The company will pay all reasonable medical expense incurred within one year from the date of accident for bodily injury caused by accident and sustained by
... .
(2) any other person while occupying
... .
(b) a non-owned automobile, if the bodily injury results from
(i) its operation or occupancy by the named insured, or
(ii) its operation or occupancy by a relative, provided it is a private passenger automobile or utility trailer, but only if such operator or occupant has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission;
... .
"PERSONS INSURED
"Under the Medical Expense Coverage, the following are insureds:
... .
(b) with respect to a non-owned automobile,
... .
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b) (1) or (2) above." (emphases added)
[2] We note that the Second District Court of Appeal, in Nicks v. Hartford Insurance Group, 291 So.2d 673 (Fla. 2d DCA 1974) did, in fact, determine a coverage question brought by a stranger to an insurance contract, who was claiming coverage based upon a claimed ambiguity. It did not, however, address the question of the right of the plaintiff to bring the action initially.