489 So.2d 57 (1986)
MARYLAND CASUALTY COMPANY, Appellant,
v.
STATE of FLORIDA DEPARTMENT OF GENERAL SERVICES and the Florida Board of Regents, Appellees.
No. 85-2027.
District Court of Appeal of Florida, Second District.
March 21, 1986.
Rehearing Denied April 21, 1986.
Jonathan L. Alpert, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
*58 Thomas M. Beason, of Moyle, Flannigan, Katz, Fitzgerald & Sheehan, P.A., Tallahassee, for Dept. of Gen. Services.
Sylvia H. Walbolt and Timothy A. Hunt, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Florida Bd. of Regents.
LEHAN, Judge.
In this multiparty lawsuit, one of the defendants appeals the trial court's order denying the defendant's motion to compel arbitration. We affirm.
The lawsuit arose out of events surrounding the construction of the Sun Dome at the University of South Florida. The Florida Department of General Services and Florida Board of Regents (the State) entered into a construction contract with the general contractor, Austin-Westshore Construction Company. In turn, Austin-Westshore contracted with various subcontractors, including defendant, Pinter Contracting Company. The contract between Pinter and Austin-Westshore required Pinter to obtain liability insurance. Defendant/appellant, Maryland Casualty Company, provided that insurance.
Many problems apparently arose during the construction of the Sun Dome. Austin-Westshore claimed that these problems had caused Austin-Westshore to incur more costs in the construction than had been anticipated. Austin-Westshore further claimed that the State should pay Austin-Westshore for these extra costs because parties other than Austin-Westshore had been at fault. An arbitration proceeding was conducted among various of the involved parties, not including Pinter or Maryland Casualty. The State eventually agreed to pay a certain sum to Austin-Westshore. The State then filed this suit to recoup that money from the parties who had allegedly caused the cost overruns. Among others, the State sued Pinter and also sued Maryland Casualty as Pinter's insurer.
In response to the lawsuit, Maryland Casualty made a demand to arbitrate the claim, alleging that the construction contracts required arbitration of all disputes. The parties apparently concede that Pinter acceded to the lawsuit by making no demand for arbitration, but Maryland Casualty argues that it has a right to arbitration not derivative of or dependent on any such right of Pinter. The trial court denied Maryland Casualty's motion to compel arbitration, and this appeal followed.
We affirm the trial court's order on the ground that Maryland Casualty was merely an incidental beneficiary of the construction contracts, not an intended third-party beneficiary and, therefore, has no right to enforce the contracts' provisions requiring arbitration. A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party. See Maryland Casualty Co. v. State of Florida Department of General Services, 489 So.2d 54 (Fla. 1st DCA 1986); Clark & Co. v. Department of Insurance, 436 So.2d 1013, 1016 (Fla. 1st DCA 1983); Clearwater Key Association-South Beach, Inc. v. Thacker, 431 So.2d 641, 645 (Fla. 2d DCA 1983); Restatement (Second) of Contracts § 302. We agree with the trial court's implicit finding that in this case the parties to the construction contracts did not intend to primarily and directly benefit Maryland Casualty.
We need not address the trial court's additional finding that Maryland Casualty was not entitled to arbitration because a "third party beneficiary's right of action cannot rise higher than the rights of the contracting party through whom he claims." Nor do we address the issues of (1) whether Pinter, Maryland Casualty's insured, had a right to demand arbitration with the State and (2) whether the dispute in this case was subject to arbitration because it arose out of the contracts or whether the dispute arose because Pinter assumed, and botched, noncontractual duties, which the State alleges means that the contractual provisions concerning arbitration do not apply to this dispute. See Maryland Casualty Co. v. State of Florida Department of General Services.
*59 We have considered two additional points on appeal raised by Maryland Casualty and find them to be without merit.
Accordingly, the trial court's order is affirmed.
GRIMES, A.C.J., and CAMPBELL, J., concur.