520 So.2d 619 (1988)
James B. GRAY, Appellant,
v.
EXECUTIVE DRYWALL, INC., G.R.V. Design Group and Executive Plastering, Inc., Appellees.
No. 87-320.
District Court of Appeal of Florida, Second District.
January 22, 1988.
Rehearing Denied February 29, 1988.
*620 James D. Henry of Riley & Henry, Clearwater, for appellant.
Michael K. Kiernan of Lyle & Skipper, P.A., St. Petersburg, for appellees.
LEHAN, Acting Chief Judge.
Plaintiff in this personal injury suit appeals from a summary judgment entered in favor of defendant Executive Plastering, Inc. (hereinafter "Plastering") on the basis that the statute of limitations had expired. The suit was originally against Executive Drywall, Inc. (hereinafter "Drywall"). After the expiration of four years following the date the cause of action arose, plaintiff added Plastering as a defendant. We affirm.
We do not conclude that the naming of Drywall as the original defendant was a misnomer of the real owner of Drywall's business like the situations in Cabot v. Clearwater Construction Co., 89 So.2d 662 (Fla. 1956), and Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970). Nor do we conclude that the trial court erred in determining in effect that the two corporations were separate entities notwithstanding some common ownership of stock, common representation of each at the job site where the alleged personal injury occurred, each occupying the same office building (but in different offices), the fact that the same person signed the contracts of each to do work at the job site, the use by both corporations of a common attorney, and both corporations having the same insurance carrier. See Johnson v. Taylor Rental Center, Inc., 458 So.2d 845 (Fla. 2d DCA 1984). See also International City Bank *621 & Trust Co. v. Morgan Walton Properties, Inc., 675 F.2d 666 (5th Cir.), cert. denied, 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 511 (1982) (corporations are treated as separate entities notwithstanding common shareholders and officers); Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984) (corporate veil may not be pierced absent showing of improper conduct).
The trial court, we conclude, properly determined in effect that Plastering was not estopped from raising the statute of limitations defense due to Drywall's failure to disclose to plaintiff the existence of Plastering as an appropriate additional defendant. In contrast to the situation in Argenbright v. J.M. Fields Co., 196 So.2d 190, 191-92, 194 (Fla. 3d DCA 1967), cited by plaintiff, Drywall did not conduct the type of extensive discovery aimed at prolonging matters until the statute of limitations expired.
Contrary to the indication in dicta in Michelin Reifenwerke v. Roose, 462 So.2d 54, 57 (Fla. 4th DCA 1984), we do not conclude that the mere facts that Plastering had knowledge of the litigation prior to the running of the statute of limitations, knew or should have known that plaintiff could have added Plastering as an additional defendant, and thereby suffered no prejudice by being added after the running of the statute of limitations requires a different result. There was no obligation to advise plaintiff who to sue. Plaintiff had twenty-nine months between the filing of the suit and the running of the statute of limitations in which to learn through discovery about Plastering as a possible defendant. See Michelin, 462 So.2d at 56.
Plaintiff also appeals from the dismissal of his claims against Plastering and Drywall for breach of contract. We affirm in that regard also.
Plaintiff contends he was a third party beneficiary of the contracts which Plastering and Drywall each had with the general contractor, who was plaintiff's employer, to keep the building and premises clean of debris, take all reasonable safety precautions, and comply with all applicable laws, ordinances, rules and regulations. We conclude that because of the absence of a clear manifestation in the contracts of an intent to benefit plaintiff, plaintiff is only an incidental beneficiary. See Moyer v. Graham, 285 So.2d 397, 402, 403 (Fla. 1973). The contractual provisions plaintiff relies upon were intended to benefit the general contractor by helping to ensure that it would not be exposed to liability with regard to employees of the subcontractors, here Drywall and Plastering. See also Bryant v. Cole, 282 So.2d 652 (Fla. 2d DCA 1973) (plaintiff, a construction site employee, was not a third party beneficiary of a contract between the contractor and the plaintiff's employer). As this court said in Bryant, "[W]e do not construe the afore-quoted provisions of the contract between [the owner and the general contractor] as showing an intention primarily and directly to benefit [plaintiff] or the class of persons to which he belongs as third-party beneficiaries. If anything, [plaintiff] was at most an indirect or incidental beneficiary, which is not enough under the settled law of Florida." Id. at 654.
We do not conclude that dicta in Moyer concerning construction workers "possibly" being third party beneficiaries of a contract between a property owner and an architect "to insure compliance with safety regulations which would be for the benefit of third party construction workers," 285 So.2d at 403, calls for a different result in this case. Plaintiff cites no Florida case law applying that dicta so as to create such a third party beneficiary cause of action. There is no intention to that effect manifested in the contracts in this case, and we conclude that to entitle plaintiff to third party beneficiary status would be inconsistent with both Bryant and the aspect of Moyer for which we have cited Moyer earlier in this opinion. See also Maryland Casualty Co. v. Dept. of General Services, 489 So.2d 57, 58 (Fla. 2d DCA 1986).
Affirmed.
HALL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.