### STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff,

v.

### Sadie KANE, Michael Kane, Howard Kane and Cosmetics, Inc., a Florida Corporation, Defendants.

### No. 86–2034–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

June 20, 1989.

Janet L. Brown, Orlando, Fla., for plaintiff.

Michael S. Olin, Charles L. Ruffner, Edward Shahat, Miami, Fla., and Paul Adams, Ft. Lauderdale, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment. Plaintiff brought this action for declaratory relief and compensatory damages under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff filed a Motion for Summary Judgment on the grounds that the policy of insurance in this case precludes recovery.

### BACKGROUND

Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY ("STATE FARM"), issued a policy of insurance to "Cosmetics, Inc., and Sadie Kane, Atima," insuring against loss or damage to property by fire. The policy of insurance excluded "losses caused or resulting from ... any fraudulent, dishonest or criminal act done by or at the instigation of any insured, ... officer, director, ... or agent thereof, or any person to whom the property covered may be entrusted." Two homeowners policies were also issued—one to Michael Kane and one to Howard Kane. Although the homeowner policies were for premises other than those where the fire occurred, both policy holders submitted claims for personal property allegedly located at the subject premises.

At the time of the fire, Sadie Kane was the owner of the subject premises, which were leased to Defendant Cosmetics, Inc. Cosmetics, Inc. was the sole owner of the business personal property located at the premises. Michael Kane was the president and a shareholder of Cosmetics, Inc., and Howard Kane was the vice president, treasurer and secretary, and a shareholder of Cosmetics, Inc.

The property insured under the policy suffered damage due to a fire on or about May 31, 1986. On March 8, 1988, Michael Kane was convicted of conspiracy and arson regarding the setting of this fire. The appellate court affirmed the conviction was entered on December 28, 1988.

Defendants submitted claims totalling $1,365.676.10 for the loss. Plaintiff advanced $30,000, prior to the criminal charges being filed in the matter. Plaintiff also satisfied its separate obligations to the lienholder named on the policy through payment of the sum of $25,223.35 plus assignment of the salvage proceeds.

### DISCUSSION

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is mandated against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the

existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, it is the Court's obligation to review the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A ruling on summary judgment should be guided by the substantive evidentiary standard of proof that would apply at the trial on the merits. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Trustees of the Plumbers Local No. 519 Health and Welfare Trust Fund v. Garcia,* 677 F.Supp. 1554, 1556 (S.D.Fla. 1988). However, summary judgment is an extreme remedy which should not be granted unless the moving party has established the right to judgment beyond controversy. *Id.*

### Collateral Estoppel

■ Plaintiff argues that because Mr. Kane, the president of the insured, was convicted of arson with respect to setting the fire, he is precluded from recovering under the policy. Additionally, Plaintiff argues that collateral estoppel prohibits the relitigation of the issue of whether Mr. Kane intentionally set the fire.

Defendants respond that the application of collateral estoppel in this case would work an injustice because the issue has not been fully and fairly litigated in the prior litigation. The basis for this assertion is that Michael Kane exercised his fifth amendment right and did not testify in the criminal case. He can not be penalized for asserting his right and therefore, Defendants contend that there has not yet been a "full and fair" hearing on the issue of who or what caused the fire. Additionally, trial counsel advised Michael Kane not to testify on the grounds that he believed that the government had not proven its case against Defendant.

Plaintiff argues that the fact that Michael Kane chose not to take the stand in the criminal proceeding does not mean that he was deprived of a full and fair hearing on the issue. That is an issue of trial strategy, and the decision not to testify does not deprive Defendant of a full and fair opportunity to litigate the issue.

Three elements are required in order to apply the doctrine of collateral estoppel: 1) the issue at stake in the instant proceeding must be identical to the one addressed in the prior litigation; 2) the issue must have been a critical and necessary element of the judgment in the earlier action; and 3) the issue must have been fully and fairly litigated in the prior litigation. *Parklane Hosiery v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Deweese v. Town of Palm Beach,* 688 F.2d 731 (11th Cir.1982). Further, the Eleventh Circuit has held that a criminal conviction may preclude relitigation of the same issue in a civil court. *Parker v. Williams,* 855 F.2d 763, 774 (11th Cir.1988); *In the Matter of Raiford,* 695 F.2d 521, 523 (11th Cir.1983). This is true even where there is not full mutuality of parties. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Parker v. Williams,* 855 F.2d at 774.

Mr. Kane had the right to assert his fifth amendment right and refuse to take the stand in his own defense during the criminal proceeding. He may not be penalized for the fact that he chose to exercise this right, as a matter of trial strategy; however, neither may he use his invocation of this right to argue that he was deprived of a full and fair opportunity defend himself in the criminal proceeding. Consequently, he should not be able to make that same argument in a subsequent civil proceeding.

Mr. Kane was convicted of arson for setting the fire that is the subject of this action. He defended himself by utilizing the best trial strategy that he and his attorney could devise. He cannot now claim

that, because he lost, he was denied a fair and full hearing on the merits. To hold otherwise, this Court would be effectively ruling against the use of offensive collateral estoppel, approved by the Supreme Court in *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979).

### Innocent Insureds

■ Defendant next argument is that any criminal act of Michael Kane is not imputable to Cosmetics, Inc. under the business policy and that Cosmetics, Inc. and Sadie Kane, as innocent insureds, should be able to recover under the policy. Michael Kane is not a named insured under the business policy and Defendants contend that he did not become an insured merely by virtue of his position as an officer of the company.

Defendants argue that the term "insured" is strictly confined to officers and employees *acting within the scope of their duties.* Because the policy does not specify that it includes acts outside of the scope of their duties, Defendants claim it is ambiguous and therefore must be construed against the insurer.

Plaintiffs respond that the assertion that Michael Kane's actions cannot be binding on the other insureds unless he was acting within the scope of his authority presupposes that a corporation cannot give its consent to criminal acts. Plaintiffs argue that this is incorrect as exemplified by cases where courts have allowed arsons to be attributed to corporations where the arsonist owns all or substantially all of the stock of the corporation. *See General Electric Credit Corp. v. Aetna Casualty & Surety Co.,* 437 Pa. 463, 263 A.2d 448 (1970). Courts have also held a corporation responsible where the arson is committed by an officer or general manager who dominated corporate affairs. *See Kimball Ice Co. v. Hartford,* 18 F.2d 563 (4th Cir.1927).

The policy language precludes recovery for any fraudulent, dishonest or criminal act done by or at the instigation of *any* insured, partner ... including any officer. Plaintiffs contend that this language is clear and unambiguous on its face and that

the Court need not resort to the rules of construction to derive its meaning. Further, Plaintiffs state that the language does not restrict the exclusions to named insureds. The policy language excludes coverage for criminal acts committed by *any* insured partner, including any officer. The use of the word "any" before the term "insured" evidences the intent of the parties that coverage be joint.

Generally, innocent third party beneficiaries of an insurance policy may recover under that policy even where the loss was caused by the criminal acts of one of the insureds. *Everglades Marina v. American Eastern Development,* 374 So.2d 517, 518 (Fla.1979); *Auto–Owners Insurance Co. v. Eddinger,* 366 So.2d 123 (Fla. 2d DCA 1979). This holding, however, is overcome when the insurance policy contains an express clause excluding this coverage. *Everglades Marina,* 374 So.2d at 519.

In the case *sub judice,* the relevant policy language provides:

1. The company does not insure for loss either consisting of, or directly and immediately caused by one or more of the following:

   c. caused by ... any fraudulent, dishonest, or criminal act done by or at the instigation of any insured, partner or joint venturer, including an officer, director, trustee, employee or agent thereof, or any person to whom the property covered may be entrusted;

This Court finds that language unambiguous. The fire in this case was set by the president of the insured. This is clearly within the intended exclusion in this case.

The Eleventh Circuit has held that an "innocent insured" may not recover where the fraud provision in a fire policy provided that the policy would be void if *any* insured engaged in fraud. *Sales v. State Farm Fire and Casualty Company,* 849 F.2d 1383, 1385 (11th Cir.1988). "[U]nlike the phrase 'the insured,' the phrase 'any insured' unambiguously expresses a contractual intent to create joint obligations and to prohibit recovery by an innocent coinsured." *Id.* Accordingly, this Court holds

that the exclusion in the policy before this Court applies to *all* insureds, and that an "innocent" insured may not recover where the loss was caused by the criminal act of an officer of the insured company.

*Other Policies*

Defendants argue that the motion for summary judgment applies only to the business policy, and not to the two other homeowners policies issued by Plaintiff. Defendants assert that all three policies provided coverage for the subject premises. Therefore, Defendant argues that the motion for summary judgment, at best, is only dispositive of one issue in this case.

Plaintiff shall be granted summary judgment on issue of whether coverage is excluded under the business policy. Additionally, Mr. Kane's actions almost certainly exclude coverage under his homeowners' policy issued to him personally; however, that issue has not been briefed in this motion, nor does this Court have a copy of that policy, or Howard Kane's policy. Therefore, those issues can not be disposed of in this motion for summary judgment, but remain to be litigated. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Summary Judgment is GRANTED as to the coverage under the business policy and DENIED as to coverage under the homeowners' policies. Plaintiff shall submit a proposed final summary judgment to this Court within ten (10) days of the date of this Order.

DONE AND ORDERED.