645 So.2d 28 (1994)
CIGNA FIRE UNDERWRITERS INSURANCE COMPANY, INC., Appellant,
v.
Ralph LEONARD, Nickolaos Maggas, Alkigeovi, Inc., and Volos, Inc., Appellees.
No. 93-0922.
District Court of Appeal of Florida, Fourth District.
October 19, 1994.
Rehearing and Rehearing Denied December 15, 1994.
Lee Craig and F. Celene Harrell of Butler, Burnette & Pappas, Tampa, for appellant.
William E. Blyler of William E. Blyler, P.A., Coral Springs, for appellee-Ralph Leonard.
Rehearing and Rehearing En Banc Denied December 15, 1994.

*29 ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant's motion for rehearing and withdraw the opinion issued on February 9, 1994. After further consideration, we agree that the order granting appellee Leonard's motion for summary judgment should be reversed. We adopt Judge Anstead's dissent to the original opinion and publish it as the majority opinion on rehearing:
The trial court's order held Ralph Leonard was entitled to the proceeds of a fire insurance policy between Cigna Fire Underwriters Insurance Company and Alkigeovi, Inc., the lessee of a restaurant located on premises owned by Nicolas Maggas and upon which Leonard holds a mortgage. The order held Leonard is entitled to the policy proceeds even though the policy names Alkigeovi as the sole insured, the restaurant was burned down by Alkigeovi, and the policy contains an express exclusion barring recovery under such circumstances.

ARSON EXCLUSION
The trial court relied on the case of Everglades Marina, Inc. v. American Eastern Development Corp., 374 So.2d 517 (Fla. 1979). In Everglades the appellees owned boats which were kept in dry storage racks inside a marina building that was owned by Everglades Marina, Inc. The president and sole stockholder of Everglades set fire to the marina causing damage to the appellees' boats. Everglades had insurance that covered its responsibility for the boats in dry storage and it was undisputed that the insurance policy covered the appellee-boat owners "as third-party beneficiaries under the policy." Id. at 518. The insurance company, however, refused to pay the appellees on their liability claims because the fire was intentionally set by Everglades. Id. The court first recognized: "Under Florida Law, American Eastern and O'Donnell are third-party beneficiaries of the liability contract of insurance." Id. at 519 (emphasis added).[1] Because the appellees were third-party beneficiaries of the liability insurance contract purchased by Everglades, the court concluded they were entitled to recover under the policy, despite Everglades' act of arson, in the absence of a specific exclusion under the liability coverage. Id.
This case is distinguishable from Everglades (and Beta Eta House Corp.), since it does not involve a "liability contract of insurance," which, by its very nature, is intended to benefit third parties. In addition, unlike the situation in Everglades, the parties dispute whether Leonard is a third-party beneficiary. Further, this case involves not just public policy, but an express exclusionary clause.

THIRD PARTY BENEFICIARY
In the case at bar, Leonard sold the property to Maggas and took back a mortgage. The mortgage required Maggas to fully insure the property against loss due to fire. Maggas did not insure the property; instead, he leased the property to Alkigeovi under a lease which required Alkigeovi to provide fire insurance for the benefit of Maggas and any mortgagees. Alkigeovi purchased a fire insurance policy from Cigna which lists Alkigeovi as the sole insured. Neither Leonard or Maggas, by name, status, or otherwise, is mentioned anywhere in the policy.
"A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party." Maryland Casualty Co. v. State Dep't of Gen. Servs., 489 So.2d 57, 58 (Fla. 2d DCA), rev. dismissed, 494 So.2d 1151 (Fla. 1986). See also Jacobson v. Heritage Quality Constr. Co., 604 So.2d 17, 18 (Fla. 4th DCA 1992), cause dismissed, 613 So.2d 5 (Fla. 1993); Crabtree v. Aetna Casualty and Sur. Co., 438 So.2d 102, 103 (Fla. 1st DCA 1983); Security Mut. Casualty Co. v. Pacura, 402 So.2d 1266, 1267 (Fla. 3d DCA 1981); Restatement (Second) of Contracts § 302 (1979). In Pacura, the rule was restated:

*30 The right of a third party beneficiary to sue under a contract is recognized in Florida, but that right is limited to those situations where the provisions of the contract clearly show an intention primarily and directly to benefit the individual bringing the suit or to a class of persons to which he claims to belong as a third party beneficiary.
402 So.2d at 1267. Just as in Pacura, the insurance contract in this case does not clearly evidence an intention to benefit Leonard. In fact, there is nothing in the record that indicates either Alkigeovi or Cigna were aware of Leonard's interest, let alone that they intended he benefit from their agreement.
The case of Zaharias v. Vassis, 789 S.W.2d 906 (Tenn. Ct. App. 1989), is factually similar to the case at bar as it deals with a third party's right to proceeds from an insurance policy. Like this case, in Zaharias the claimant was a mortgagee on a restaurant that was burned down by the restaurant owner. However, in Zaharias, the appellate court determined the claimant was not a third party beneficiary under the insurance contract. Instead, the court decided the appellee's only remedy was in equity. The court stated in its opinion:
Equity requires that the insured deal with the insurer in good faith. We do not consider "torching" the insured property to be an act of good faith on the part of the insured... . The right of Zaharias to recover is directly dependent on the right of Vassis to recover. Arson is not only a crime under a criminal code but is also a fraud upon the insurance company.
Id. at 911.
Accordingly, we reverse the order granting appellee Leonard's motion for summary judgment and remand this cause for further proceedings.
REVERSED and REMANDED.
DELL, C.J., HARRY LEE ANSTEAD, Associate Judge, and JAMES H. WALDEN, Senior Judge, concur.
NOTES
[1] As support for this contention, the court cited Beta Eta House Corp. v. Gregory, 230 So.2d 495 (Fla. 1st DCA), aff'd as modified, 237 So.2d 163 (Fla. 1970), wherein the first district recognized, "liability insurance, by its very nature, is intended to benefit and protect injured third party members of the public." 230 So.2d at 499.