PER CURIAM.
Appellant challenges a trial court’s final judgment enforcing a settlement agreement arising out of a lease dispute. We conclude that the court erred only as to the entry of the final judgment against appellants Kathy Maggas and Volos, Inc. and as to the amount of the recovery, on which we reverse.
While the parties were engaged in a dispute over the lease of a restaurant, the restaurant burned down. With knowledge of the loss, the parties settled their differences, including the allocation of insurance proceeds from the fire. When appellees attempted to enforce the agreement, the appellants objected, claiming that appel-lees were guilty of arson and thus would benefit from their wrongdoing. The trial court granted summary judgment ordering appellants to pay the appellees $74,050.
Appellants first complain that this court’s holding in Cigna Fire Underwriters Insurance Co. v. Leonard, 645 So.2d 28 (Fla. 4th DCA 1994), involving the insurance policy on the restaurant loss, determined that appellee AlMgeovi, Inc. was responsible for the arson that destroyed the restaurant. This finding of fact, appellants assert, precludes appellees from taking under the settlement agreement because of this state’s long-standing public policy against rewarding arsonists for their misdeeds.
We disagree with, appellants’ assertion that in Cigna Fire this court upheld a factual finding that appellees were criminally responsible for an arson that destroyed the Seahorse Restaurant. In that case, this court was required to review a partial summary judgment that had assumed the existence of arson in order to address the underlying legal issue. Cigna Fire therefore did not have any preclusive effect on this issue in the subsequent litigation.
We do not find that the settlement agreement was so vague that the extrinsic evidence of the attorneys’ affidavits was admissible to construe it. We interpret the clause regarding “coverage due third parties” as referring to third parties to the settlement, rather than third parties to the insurance contract. The trial court did not err in enforcing the settlement agreement.
We agree with appellants that the settlement agreement did not require Kathy Maggas, in her individual capacity, to make any payment to appellees. To the extent that the final judgment required *296 Nickolaos Maggas to pay appellees more than the $47,500 he received in the Cigna settlement, it is inconsistent with the settlement agreement. Also, Volos, Inc. should not have been held responsible for any of the proceeds due under the settlement agreement. The express language of the agreement does not require Volos’to pay anything to appellees. Under the agreement, Nickolaos Maggas is the only responsible party.
We therefore reverse the final judgment, remand, and direct the trial court to enter an amended final judgment removing both Kathy Maggas and Volos, Inc. as party defendants and limiting the recovery against Nickolaos Maggas to the principal amount of $47,500.
WARNER, C.J., DELL and GROSS, JJ., concur.