## Terra Equities Inc. v. First American Title Insurance Co.

424

*Jennifer M. McHugh,* for plaintiffs.
*Eugene J. Maginnis, David H. Cox* and *Jan Z. Krasnowiecki,* for defendant.

SHEPPARD JR., *J.,* March 16, 2001—Plaintiffs, Terra Equities Inc., Charles McDonald, trustee, and Martin E. O'Boyle Sr. have filed a motion for summary judgment. For the reasons stated, this court will issue a contemporaneous order granting the motion, in part, and denying the motion, in part.

## BACKGROUND

The background in this matter is set forth in this court's opinion dated August 2, 2000.[1] To summarize, this case stems from a dispute over title insurance coverage for the leasehold interest of Commerce Limited Partnership no. 9219[2] in real property located in Orange County, Florida. Plaintiffs filed a complaint against First American Title Insurance Company based on breach of contract and bad faith on March 17, 2000.

This court overruled First American's preliminary objections on August 2, 2000. First American filed an answer to the complaint with "new matter," setting forth 33 affirmative defenses. First American has agreed that it will not assert at trial 10 of the defenses set forth in the new matter.[3] The plaintiffs, however, have filed this motion, which requests summary judgment not only on the unasserted defenses but also as to the 11 defenses on which First American intends to rely.[4]

---

1. Available at http://courts.phila.gov/cptcvcomp.htm.

2. Commerce is a Pennsylvania limited partnership with Terra Equities Inc., the lead plaintiff, as a general partner and Charles McDonald, trustee, and Martin E. O'Boyle Sr. as limited partners.

3. These defenses, referred to collectively as the "unasserted defenses," are set forth in paragraphs 11, 14, 16-18, 22, 25-26, 28 and 30 of the new matter.

4. These "asserted defenses" are set forth in paragraphs 3, 6, 9-10, 13, 15, 19-21, 23, 29 and 31-32 of the new matter. While the plaintiffs

If the court denies the motion with regard to the asserted defenses, the plaintiffs have requested leave to file an amended complaint that, among other things, will add Commerce Limited Partnership no. 9219-II as an additional plaintiff.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 allows a court to enter judgment:

"[I]f, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

### I. *Granting Summary Judgment on the Unasserted Defenses Is Appropriate*

In paragraphs 14 and 15 of its response to the motion, First American concedes that "the evidence revealed during pretrial discovery is insufficient to establish [the unasserted defenses]. First American does not intend to rely upon these defenses at trial." Because First American bears the burden of proof for each of these defenses,[5]

---

assert that the allegations in paragraph 19 were "asserted without any factual basis," plaintiffs' memorandum at 6, it appears from First American's memorandum that it intends to rely on the defense asserted in paragraph 19. First American's memorandum at 5-6.

5. In general, "affirmative defenses are those as to which the defendant has the burden of proof." *Birdsboro Municipal Authority v. Reading Co. and Wilmington & N.R.R.*, 758 A.2d 222, 225 (Pa. Super. 2000).

summary judgment on each of the unasserted defenses will be granted.

## II. *Granting Summary Judgment on the Asserted Defenses Is Unwarranted*

Plaintiffs next argue that First American should be estopped from raising the asserted defenses by virtue of the doctrine of equitable estoppel. Under this doctrine, a person is precluded "from doing an act differently than the manner in which another was induced by word or deed to expect." *Kreutzer v. Monterey County Herald Co.,* 560 Pa. 600, 606, 747 A.2d 358, 361 (2000). A successful claim of equitable estoppel requires evidence of inducement and reliance:

"The inducement may be words or conduct and the acts that are induced may be by commission or forbearance provided that a change in condition results, causing disadvantage to the one induced. More important, the law requires that:

"There can be no equitable estoppel where the complainant's act appears to be rather the result of his own will or judgment than the product of what the defendant did or represented. The act must be induced by, and be the immediate or proximate result of, the conduct or representation, which must be such as the party claiming the estoppel had a right to rely on. The representation or conduct must of itself have been sufficient to warrant the action of the party claiming the estoppel. If notwithstanding such representation or conduct he was still obliged to inquire for the existence of other facts and to rely on them to sustain the course of action adopted, he cannot claim that the conduct of the other

party was the cause of his action and no estoppel will arise. *Where there is no concealment, misrepresentation, or other inequitable conduct by the other party, a party may not properly claim that an estoppel arises in his favor from his own omission or mistake.* Estoppel cannot be predicated on errors of judgment by person asking the benefit." *Price v. Chevrolet Motor Division of General Motors Corp.,* 765 A.2d 800, 808 (Pa. Super. 2000) (quoting *Zitelli v. Dermatology Education & Research Foundation,* 534 Pa. 360, 369-70, 633 A.2d 134, 139-40 (1993)). (emphasis added)

The plaintiffs contend that, prior to the filing of the instant action, First American raised only three defenses[6] and that First American should be limited, here, to those three defenses by virtue of equitable estoppel. This argument is unconvincing. There is no assertion that First American intentionally concealed its intention to raise the asserted defenses. Moreover, the plaintiffs have cited no authority that would require First American to reveal the asserted defenses prior to filing an answer under these circumstances. Accordingly, to the extent that the motion seeks to have the asserted defenses stricken, it is denied.[7]

---

6. It is not certain from the motion and the plaintiffs' memorandum in what context First American initially raised these three defenses. However, it appears that these defenses were communicated in response to the plaintiffs' claim for insurance coverage. See plaintiffs' memorandum at 16.

7. The plaintiffs' argument is equally unavailing under the doctrine of judicial estoppel, according to which "a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." *Trowbridge v. Scranton Artificial Limb Co.,* 560 Pa. 640, 644, 747 A.2d 862, 864 (2000). (citation omitted) Here, there is no allega-

## III. *The Plaintiffs Are Granted Leave To Amend the Complaint, But May Not Add Commerce II As an Additional Plaintiff*

Under Pennsylvania law, leave to amend pleadings should be granted liberally:

"Although the decision of whether to grant leave to amend a pleading is a matter of judicial discretion, such amendments should be allowed at any stage of the proceedings to secure a decision on the merits, unless they violate the law or unfairly prejudice the rights of the other party. Thus, if no prejudice results, pleadings may be amended after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom. The fundamental purpose of this rule is to prevent cases from turning on purely technical defects. Moreover, prejudice, in turn, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." *MacGregor v. Mediq Inc.*, 395 Pa. Super. 221, 227, 576 A.2d 1123, 1126 (1990). (citations and quotation marks omitted). For these reasons, a court may disallow leave to amend pleadings only when prejudice to the other party would result or when the amendment itself would violate a positive rule of law. *Noll by Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 280, 643 A.2d 81, 84 (1994); *Somerset Community Hospital v. Allan B. Mitchell &*

----

tion that First American successfully maintained a position in conflict with the asserted defenses in a prior action.

*Associates Inc.,* 454 Pa. Super. 188, 199, 685 A.2d 141, 147 (1996).

Here, First American posits five primary grounds on which it asserts the court should deny the plaintiffs leave to amend the complaint:

"First, . . . there is no rule of law that requires First American to notify plaintiff of all defenses prior to plaintiff filing this lawsuit, and First American appropriately included all known defenses to the complaint in its first pleading. Second, court rules do not require that a plaintiff anticipate and refute a defendant's new matters in its complaint. Third, plaintiff had the opportunity to assert its additional factual matters in its response and preliminary objections to First American's new matters and failed to do so. Fourth, plaintiff had knowledge [of] all of the facts which form the basis of First American's coverage defenses before filing suit since they are based upon the allegations in the complaint, supporting affidavits, and the assignment agreement between Commerce I and Commerce II.

"Finally, First American opposes plaintiff's motion for leave on the ground that the proposed amended complaint adds Commerce II as an additional plaintiff which does not have standing to sue First American for breach of contract and bad faith." [8] First American's memorandum at 12.

---

8. In addition, First American specifically confronts the issue of prejudice by pointing out that pretrial discovery is closed, a fact that prevents additional discovery regarding the plaintiffs' new allegations. This obstacle, however, is easily remedied, as the court can amend the case management order in this matter to allow further discovery beyond the original February 5, 2001 deadline if First American so re-

First American does not cite any law to support its first four arguments. Thus, even if all of its points are correct, they do not put forward a positive rule of law that would preclude the plaintiffs from filing an amended complaint. In addition, none of these four assertions establish prejudice to First American in allowing the filing of an amended complaint and thus do not operate to preclude the plaintiffs from filing an amended complaint.

First American's fifth argument, which focuses on the portion of the proposed amended complaint that would add Commerce II as a plaintiff for the breach of contract and bad faith claims, is persuasive. To oppose this proposed amendment, First American points out that "[i]n general, the duty of a title insurance company runs only to its insured, not to third parties who are not party to the contract." *Hicks v. Saboe,* 521 Pa. 380, 384, 555 A.2d 1241, 1243 (1989). As an exception to this rule, third parties may bring claims based on an insurance contract if they are intended third party beneficiaries, a status that First American argues Commerce II cannot hope to attain. See *McKeeman v. CoreStates Bank N.A.,* 751 A.2d 655, 659 (Pa. Super. 2000) ("an intended third party beneficiary may have a limited cause of action under [an insurance] contract").[9]

quires. Thus, there is no prejudice to First American if the plaintiffs are permitted to file an amended complaint.

9. Once a third party has established its status as a third party beneficiary, its rights and liabilities under a contract "are the same as those of the original contracting parties." *Miller v. Allstate Insurance Co.,* 763 A.2d 401, 404 n.1 (Pa. Super. 2000) (citing *General Accident Insurance Co. of America v. Parker,* 445 Pa. Super. 300, 665 A.2d 502 (1995)).

Pennsylvania has adopted section 302 of the Restatement (Second) of Contracts for defining the term "intended beneficiaries":

"Intended and incidental beneficiaries

"(1) Unless otherwise agreed . . . a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

"(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary." *Looby v. Local 13 Productions,* 751 A.2d 220, 222 (Pa. Super. 2000).[10]

Here, a review of the pertinent insurance policy reveals that Commerce II is not a named insured. Proposed amended complaint exhibit C at sch. A. In addition, there

---

10. To the extent that the insurance contract at issue may be governed by Florida law, it is worth noting that Florida law is sufficiently similar to Pennsylvania law on these issues:

"The right of a third party beneficiary to sue under a contract is recognized in Florida, but that right is limited to those situations where the provisions of the contract clearly show an intention primarily and directly to benefit the individual bringing the suit or to a class of persons to which he claims to belong as a third party beneficiary." *Cigna First Underwriters Insurance Co. v. Leonard,* 645 So.2d 28, 30 (Fla. Dist. Ct. App. 1994) (quoting *Security Mutual Casualty Co. v. Pacura,* 402 So.2d 1266, 1267 (Fla. Dist. Ct. App. 1981)). See also, *Metropolitan Life Insurance Co. v. McCarson,* 467 So.2d 277, 280 (Fla. 1985) (quoting Restatement (Second) of Contracts §302 (1979)).

is no indication that a promise of insurance was made to satisfy any obligation to Commerce II or that any benefit to Commerce II was intended. Indeed, it does not appear that Commerce II was in existence at the time First American issued the relevant insurance policy. First American's memorandum exhibit B at 18.[11] This prevents Commerce II from being considered an intended beneficiary. Consequently, Commerce II does not have standing to assert a claim for breach of contract or bad faith against First American, and, to the extent that amendments to the complaint purport to assert such a claim, they should not be permitted.[12] If the Plaintiffs wish to file an amended complaint for other reasons, however, it will not prejudice First American or violate a positive rule of law and thus is permissible.

## CONCLUSION

While summary judgment on the unasserted defenses is appropriate, such judgment is not warranted on the

---

11. In a response to interrogatories, the plaintiffs state that Commerce II was formed on April 26, 1996, more than two years after the policy issue date of April 15, 1994. First American's memorandum exhibit B at 18

12. In *Miltenberg & Samton Inc. v. Assicurazioni Generali, S.p.A.*, January 2000, no. 3633 (C.P. Phila. Oct. 11, 2000) (Herron, J.) (http://courts.phila.gov/cpcvtcomp.htm), the court confronted a similar issue to that raised here but concluded that the plaintiff there was a third party beneficiary who had standing under the insurance contract. In *Miltenberg & Samton Inc.,* however, the insurance policy defined "insured" to encompass "additional insureds," which were defined by a set of criteria that included the plaintiffs. Here, in contrast, the First American policy definition of "insured" is limited to Commerce Limited Partnership no. 9219 and its successors by operation of law. Complaint exhibit C, conditions and stipulations ¶1(a).

asserted defenses. In this later regard, summary judgment is denied.

First American will suffer no prejudice if the plaintiffs are permitted to file an amended complaint. Any amendments that assert a claim on behalf of Commerce II, however, violate a positive rule of law and are impermissible. Accordingly, the plaintiffs are granted leave to file an amended complaint consistent with this opinion.

## ORDER

And now, March 16, 2001, upon consideration of the motion for summary judgment of plaintiffs, Term Equities Inc., Charles McDonald, trustee, and Martin O'Boyle Sr., the opposition to it of defendant, First American Title Insurance Company, the respective memoranda, all other matters of record, and in accord with the opinion being filed contemporaneously with this order, it is hereby ordered that:

(1) The motion for summary judgment is granted, in part and denied, in part;

(2) Count I of the motion is granted and paragraphs 11, 14, 16, 17, 18, 22, 25, 26, 28 and 30 of the defendant's new matter are stricken;

(3) Count II of the motion is denied; and

(4) Count III of the motion is granted, and the plaintiffs are granted leave to file an amended complaint, consistent with this opinion, within 20 days from the date of this order.