Kanika LOOBY and Paul Caparatto, Appellants,

v.

LOCAL 13 PRODUCTIONS and Dematrious Pasalus, Individually and t/a Local 13 Productions and t/a Guaranteed Overdose and Guaranteed Overdose and Frank Scarpelli, Ind. and t/a Local 13 Productions and t/a Guaranteed Overdose, Appellees.

Superior Court of Pennsylvania.

Argued March 1, 2000.

Filed April 19, 2000.

Paul M. Perlstein, Philadelphia, for appellants.

Marion H. Griffin, Philadelphia, for appellees.

Before McEWEN, President Judge, and JOHNSON and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Kanika Looby and Paul Caparatto appeal the trial court's dismissal with prejudice of their action. We affirm.

¶ 2 Appellants attended a rave party given by appellees at the Fort Washington Expo Center ("Expo Center"). Appellants drove to the party with Katrina Coluzzi, who apparently consumed alcohol and/or drugs while in attendance. Coluzzi then attempted to drive appellants home, but lost control of her vehicle. Appellants were injured in the resulting collision and filed suit against appellees for allegedly encouraging the use of illegal drugs by advertising the event using drug-related terminology. The advertising pamphlets for the party made references to "LSD" and "Guaranteed Overdose." [1] Appellees filed preliminary objections pursuant to Pa.R.C.P 1028(a)(4), arguing that appellants' pleadings were legally insufficient (demurrer). The court found that appellants' claims were indeed without legal basis and dismissed their action with prejudice. *See* Trial Court Opinion, 10/25/99, at 2. This appeal followed.

¶ 3 Appellants claim that the court below erred in dismissing their action because: (1) the host of a party where drugs are consumed is liable for injuries sustained by guests, and (2) appellants were third-party beneficiaries of the contract between the Expo Center and appellees.

When reviewing a decision granting preliminary objection in the nature of a demurrer, any doubt should be resolved in favor of overruling the demurrer. Preliminary objections should be sustained only in cases that are clear and free from doubt. The trial court must consider as true all well pleaded facts set forth in the complaint and all reasonable inferences drawn therefrom. If the facts pleaded state a claim for which relief may be granted under any theory of law, then there is sufficient doubt to require rejection of the demurrer.

*Gaston v. Diocese of Allentown*, 712 A.2d 757, 758 (Pa.Super.1998) (citations omitted).

¶ 4 Appellants claim that we should extend our Supreme Court's decision in *Congini v. Portersville Valve Co.*, which determined that an adult social host's civil liability for serving alcohol to a minor arose from his criminal liability for the same act, to include adults who provide

1. While neither the parties nor the trial court addressed what "Guaranteed Overdose" and "LSD" referred to, our review of the pamphlets reveals that "LSD" apparently served as an acronym for "Let's Start Dancing" and "Guaranteed Overdose" is the name of one of the appellees (a band), not the promotion of an event that will take place at the Expo Center.

drugs to other adults. *See Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515, 518 (1983).[2] We need not determine whether *Congini* is applicable, however, because we find that appellants have failed to sufficiently allege that appellees were indeed social hosts.

■ ¶ 5 The phrase "social host liability" "designate[s] a claim in negligence against a person (the host) who provides alcoholic beverages to another (the guest), without remuneration." *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888, 889 n. 1 (1994). Appellants fail to allege that appellees actually furnished the drugs or that appellees were "aware of the degree of consumption." *Alumni Assoc. v. Sullivan*, 524 Pa. 356, 572 A.2d 1209, 1212 (1990). Instead they contend that appellees encouraged drug use in the flyers advertising the party. Even if appellees assumed that people might use drugs at their party, this certainly does not rise to the level of providing drugs. *See Maxwell v. Keas*, 433 Pa.Super. 70, 639 A.2d 1215, 1217 (1994) ("The 'knowingly furnished' standard for social host liability . . . 'requires actual knowledge on the part of the social host as opposed to imputed knowledge imposed as a result of the relationship.' ") (quoting *Alumni Assoc.*, 572 A.2d at 1212). Consequently, appellees' behavior does not rise to the level necessary for social host liability. Because appellees did not provide intoxicants to Coluzzi, they are not liable for the damage she caused. Appellants' first claim is therefore without merit.

■ ¶ 6 Appellants next claim that the court erred in dismissing their claim regarding their status as a third-party beneficiary. They argue that the contract be-

tween the Expo Center and appellees was intended to benefit party guests. Pennsylvania has adopted section 302 of the Second Restatement of Contracts "as to the law . . . concerning third-party beneficiary rights." *Clifton v. Suburban Cable TV Co., Inc.*, 434 Pa.Super. 139, 642 A.2d 512, 514 (1994). Section 302 provides:

Intended and Incidental Beneficiaries

(1) Unless otherwise agreed . . . a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Id.* (quoting Restatement (Second) of Contracts § 302 (1979)) (emphasis omitted). Appellants argue that various provisions of the contract provide them with third-party beneficiary status. They first point to provision three of the contract and the addendum to the contract, both of which state that appellees had to hire one security guard per one hundred guests. *See* Brief of Appellants at 11. They also guide us to provision nine, which provides that the "[l]icensee shall not use or permit the hall . . . to be used . . . in conflict with any law." *Id.* This language is not enough to provide relief for appellants because these

**2.** It is unclear whether *Congini* would indeed provide appellants with relief. We do note that subsequent cases limited *Congini* to its own facts, *i.e.*, an adult who serves alcohol to a minor. *See, e.g., Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888, 891 (1994) (stating that the *Congini* exception applies only to "those situations where an adult furnishes alcohol to a minor"); *Brandjord v. Hopper*, 455 Pa.Super. 426, 688 A.2d 721, 722 (1997) (stating

that "*Congini* dealt with the particularly acute problem of adults furnishing alcohol to minors, the latter being a class of people whom the legislature deemed incompetent to handle . . . alcohol"). Thus, it is not entirely clear whether *Congini* would apply in this case, but we need not determine that today because we find that appellants have not sufficiently alleged that appellees were "social hosts" for purposes of the doctrine.

are general provisions. Further, this language contains no indication that either party to the contract intended it to benefit appellants. Lastly, there was no financial obligation between appellants and appellees. *See* Trial Court Opinion, 10/25/99 at 6. Therefore, appellants were incidental beneficiaries and have no claim arising from the contract between appellees and the Expo Center. Consequently, the court below did not err in dismissing their claim.

¶ 7 Order affirmed.