Orlando BARTOLOMEO, Administrator of the Estate of Daniel Bartolomeo, and Orlando Bartolomeo and Mary Bartolomeo, in their own right, Appellants

v.

Steven MARSHALL and Tammy Marshall, individually and jointly, and Marshall Tree Experts, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Jan. 9, 2013.

Filed May 2, 2013.

Gregory C. Kelley, Pittsburgh, for appellant.

Ryan M. Joyce, Pittsburgh, for Marshall Tree Experts, appellee.

Tara L. Maczuzak, Pittsburgh, for Marshall, appellee.

BEFORE: DONOHUE, SHOGAN and WECHT, JJ.

OPINION BY SHOGAN, J.:

Orlando Bartolomeo, as administrator of the estate of Daniel Bartolomeo ("Decedent"), and Orlando Bartolomeo and Mary Bartolomeo in their own right (collectively "Appellants"), appeal from the order entered on January 30, 2012, in which the trial court, following an order expressly granting reconsideration of a judgment of *non pros* in favor of Marshall Tree Experts, Inc. ("Appellee"), ultimately denied Appellants' petition to open a judgment of *non pros*.[1] We affirm.

---

1. An order denying a petition to open a judgment of *non pros*, while not disposing of all parties and all claims, is an interlocutory order immediately appealable as of right. *Smith v. Friends Hosp.*, 928 A.2d 1072, 1074 (Pa.Super.2007); Pa.R.A.P. 311(a)(1). Accordingly, we DENY Appellee's motion to quash.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

[Decedent] was born on June 20, 1989, and was a member of the U.S. Army, who recently completed basic training and returned home on leave to celebrate the holidays. The Decedent resided with [Appellants] until his death on December 20, 2008. During the late evening hours of December 19, 2008, and the early morning hours of December 20, 2008, the Decedent was attending a party hosted in an old school bus that was parked on property owned by the defendants Steven Marshall and Tammy Marshall (hereinafter "Marshalls") located at 5213 Ellwood Road, Ellwood City, Lawrence County, Pennsylvania. That address is also the principal place of business for [Appellee]. The property was transferred from Stephen J. Marshall to Stephen J. Marshall and Tami S. Marshall by deed dated November 29, 2010, and recorded with the Lawrence County Recorder of Deeds at Document Number: 2010–009836. There is no indication on the record that the property was owned by Defendant Marshall Tree Experts, Inc. at any time.

The old school bus was furnished with couches and a pot belly stove to be used for parties hosted by the Marshalls' minor children. On the night in question, beer and Jaegermeister were present at the party and the Decedent ingested Oxycodone. Eventually, some of the party goers, including the Decedent, went into the residence owned by the Marshalls to sleep for the night. In the early morning hours of December 20, 2008, one of the party guests discovered that the Decedent was in distress, an ambulance was called and he was transported to Ellwood City Hospital where he was pronounced dead.

[Appellants] initiated suit against [the Marshalls and Appellee] by filing a Praecipe For Writ Of Summons on December 15, 2010. [Appellee] filed a Praecipe To Issue Rule Upon [Appellants] To File Complaint on December 30, 2010. In her deposition, Attorney Breonna Frisk–Miller[1] testified that she received a 30–day extension to file a complaint in early January 2011, in order to conduct depositions to determine the merits of the case. Counsel for [Appellee] contacted [Appellants'] counsel by telephone on March 2, 2011, to provide notice, as a professional courtesy, that counsel was pursuing a Judgment of Non Pros. On March 9, 2011, [Appellee] served a Notice Of Intent To Enter Judgment Of Non Pros upon [Appellants'] counsel, Peter J. Pietrandrea, Esquire, and it served [Appellants'] counsel, Nick A. Frisk, Jr., Esquire, with the same on March 10, 2011. On March 25, 2011, [Appellee] served [Appellants] with an Affidavit Of Service Of Notice Of Intent To Enter Judgment Of Non Pros. [Appellee] subsequently filed a Notice Of Intention To Enter Judgment Of Non Pros and a Praecipe For Entry Of Judgment Of Non Pros on March 28, 2011. On the same day, the Prothonotary of Lawrence County entered a Judgment Of Non Pros against [Appellants] for failure to file a Complaint. [Appellants], through newly-acquired counsel, filed a Petition To Open Judgment Of Non Pros and attached a copy of their proposed Complaint on May 26, 2011.

---

1   Attorney Frisk–Miller is the daughter of [Appellants'] previous counsel, Nick A[.] Frisk, Jr., Esquire. She became involved in representing [Appellants] when Attorney Frisk was hospitalized.

On January 7, 2011, Attorney Frisk was hospitalized and, his daughter, Breonna Frisk–Miller, Esquire, began

acting as counsel for [Appellants] when Attorney Frisk was infirmed. Attorney Frisk–Miller testified during her deposition that Robert Grimm, Esquire, who was counsel for [Appellee], contacted her via telephone on March 2, 2011, and indicated that he intended on pursuing the entry of judgment of non pros. Throughout this period of time, Attorney Frisk–Miller remained in close contact with [Appellants], especially Mr. Bartolomeo who was visiting Attorney Frisk–Miller's office almost every other day. Upon reading the deposition transcripts, [Appellants'] counsel decided that they would not file a Complaint, which was immediately communicated to [Appellants]. Additionally, [Appellants] were informed that they should seek new counsel rather quickly if they wanted to proceed with their claims because they were facing a deadline to file the Complaint. [Appellants] retained new counsel on April 21, 2011, received a portion of [their] case file on May 5, 2011, and filed a Petition To Open Judgment Of Non Pros.

In response, this Court issued a rule to show cause why [Appellants] were not entitled to the relief requested and the Court scheduled oral argument for September 26, 2011. On November 14, 2011, this Court denied [Appellants'] Petition To Open Judgment Of Non Pros and, on [January 30,] 2012, the Court denied [Appellants'] Motion For Reconsideration. [Appellants] have now filed this appeal.

Trial Court Opinion, 4/19/12, at 1–5 (footnote in original). On appeal, Appellants raise the following issues for this Court's consideration:

1. Whether the trial court erred in ruling that the deviation from Lawrence County Local Rule L237.[4] was a slight procedural defect and did not violate the substantive rights of the Appellants.

2. Whether the trial court erred in holding that the Appellants were provided with adequate notice and opportunity to file a Complaint after entry of Judgment of Non Pros pursuant to Pa.R.C.P. No. 237.3.

3. Whether the trial court erred in determining that the actions of Appellants' previous counsel was [sic] not a reason for granting the Petition to Open Judgment of Non Pros.

4. Whether the trial court erred in finding that the Appellee was unaware of and did not provide alcohol and drugs to the Appellants' Decedent.

5. Whether the trial court erred in determining that the Decedent's act of ingesting Oxycodone bars the Appellants' recovery and Appellee was not liable under the social host theory of liability.

6. Whether the trial court erred in ruling that the "no felony conviction recovery rule" barred the Appellants' recovery in the instant case.

Appellants' Brief at 8.

A request to open a judgment of *non pros,* like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, a three-pronged test must be satisfied: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist that support a cause of action. *Madrid v. Alpine Mountain Corp.,* 24 A.3d 380, 381 (Pa.Super.2011) (citation omitted); Pa. R.C.P. 3051. A petition under Pa.R.C.P. 3051 is the only means by which relief from a judgment of *non pros* may be sought. *Id.;* Pa.R.C.P. 3051, Comment. "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but

from the denial of a petition to open or strike." *Madrid,* 24 A.3d at 381–382 (citation omitted). The "failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros.*" *Id.* at 382. Finally, a trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard. *Id.* (citation omitted).

In their first issue on appeal, Appellants claim that the trial court erred in ruling that Appellee's deviation from Lawrence County Local Rule L237.4 concerning the notice of *praecipe* to enter judgment of *non pros* was a slight defect and did not violate the substantive rights of the Appellants or affect the notice requirements under Pa.R.C.P. 237.1.[2] We conclude that Appellants are entitled to no relief on this claim.

Lawrence County Local Rule L237.4 states as follows:

**Rule L237.4 FORM OF NOTICE OF PRAECIPE TO ENTER JUDGMENT OF NON PROS**

The notice of every praecipe to enter judgment of non pros for failure to file a complaint shall include the following name and address of the office from which the plaintiff can receive information about obtaining the services of a lawyer and getting legal help:

Office of Lawyer Referral

Third Floor

Lawrence County Government Center

430 Court Street

New Castle, PA 16101

(724) 656–1921

Lawrence County Local Rule Of Civil Procedure 237.4. Here, Appellee's notice did not provide the name and address listed above, but rather, it contained the toll free number for the Pennsylvania Bar Association and the street address and phone number for the Lawrence County Bar Association. Appellants claim that this deviation caused them to file their petition to open in an untimely manner. Appellants' Brief at 20. We fail to see how Appellee's failure to place the Lawrence County Lawyer Referral Service phone number on the notice caused the delay Appellants now argue. As the trial court explained:

Lawrence County Local Rule 237.4 mandates that every praecipe to enter judgment for non pros for failure to file a complaint must include the name and address of the Office of Lawyer Referral, which is located at the Lawrence County Government Center, 3rd floor, 430 Court Street, New Castle, PA 16101. The Defendants' Notice referenced the "Lawrence Co. Bar Association, 430 Court Street, New Castle, PA 16101, (724) 656–9774," and "PA Lawyer Referral Service, Pennsylvania Bar Association, P.O. Box 186, Harrisburg, PA 1710, (800) 692–7375." Moreover, the Pennsylvania Rules of Civil Procedure explain that a prothonotary shall not enter a judgment of non pros for failure to file a complaint unless the praecipe contains a certification that written notice was delivered at least ten days prior to the date of the filing of the praecipe to the opposing party's attorney of record. Pa. R.C.P. No. 237.1(a)(2)(i).

[Appellee] complied with Pa.R.C.P. No. 237.1(a)(2)(i) by providing written notice to both attorneys of record for the Plaintiffs ten days prior to the filing of the praecipe. Moreover, [Appellee] provided the name and address of the local bar association and the Pennsylvania

---

**2.** The party seeking a judgment of *non pros* must provide notice of its intent at least 10 days prior to the date of the filing of the *praecipe.* Pa.R.C.P. 237.1(a)(2)(i).

Bar Association Lawyer Referral office. Additionally, Pa.R.C.P. No. 126 states, "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In the current case, [Appellee] provided adequate notice to [Appellants] regarding its intention to file a praecipe to enter judgment of non pros in accordance with Pa.R.C.P. No. 237.1 by notifying counsel of record for [Appellants] 10 days prior to filing a praecipe. Furthermore, [Appellee's] notice included the address and contact information for the Lawrence County Bar Association and the Pennsylvania Bar Association Lawyer Referral. Even though [Appellee] did not state the name and address of the local lawyer referral office in the Notice, it provided [Appellants] with the contact information for organizations that would aid them in obtaining counsel. Further, the Notice was sent to counsel for [Appellants], as this was a situation where [Appellants] had counsel of record. This was not a situation where [Appellants] were pro se and a lawyer referral address would be helpful to them. As a result, [Appellee] substantially complied with Rule 237.1, and any deviation from that rule was a slight

procedural defect that does not affect the substantial rights of [Appellants].

Trial Court Opinion, 4/19/12, at 5–6. We agree. Appellants, who had counsel of record, received actual notice of Appellee's intent to enter judgment of *non pros.*[3] *See Allstate Ins. Co. v. McNichol,* 420 Pa.Super. 571, 617 A.2d 333, 335 (1992) (stating that where no substantial rights of the appellant were jeopardized and where the appellant received actual notice, the trial court could properly disregard procedural defects in service of process). Here, the defect was slight, and we discern no prejudice caused by this minor flaw on the face of the notice.

■ Next, Appellants argue that, because they did not have adequate notice of the judgment of *non pros,* they were unable to file their petition to open within 10 days pursuant to Pa.R.C.P. 237.3. There is no merit to this issue.

The Rule provides:

**Relief From Judgment of Non Pros or by Default**

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or

---

**3.** Pa.R.C.P. 237.1 provides, in relevant part, as follows:

(2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

(i) in the case of a judgment of non pros, after the failure to file a complaint and at least ten days prior to the date of the filing of the praecipe **to the party's attorney of record** or to the party if unrepresented[.]

Pa.R.C.P. 237.1(a)(2)(i) (emphasis added).

answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3.

Here, the judgment was entered on March 28, 2011, and Appellants failed to timely respond. Appellants' argument that they should be excused from the failure is unavailing. As the trial court pointed out:

> To support their Petition To Open Judgment Of Non Pros, [Appellants] are required to demonstrate that their petition was timely filed, there was a reasonable excuse for the delay or inactivity and there is a meritorious cause of action. Pa.R.C.P. No. 3051. [Appellants] assert that the Court erred by denying their Petition To Open Judgment Of Non Pros even though they were prevented from filing a Complaint within ten days of the Judgment Of Non Pros pursuant to Pa.R.C.P. No. 237.3 as they were not informed to seek new counsel in a timely manner. Pa.R.C.P. No. 237.3 states, "If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. No. 237.3(b).
>
> On March 9, 2011, [Appellee] served a Notice Of Intent To Enter Judgment Of Non Pros with [Appellants'] counsel, Peter J. Pietrandrea, Esquire, and it served [Appellants'] counsel, Nick A. Frisk, Jr., Esquire, with the same on March 10, 2011. On March 25, 2011, [Appellee] served [Appellants] with an Affidavit Of Service Of Notice Of Intent To Enter Judgment Of Non Pros. [Appellee] subsequently filed a Notice Of Intention To Enter Judgment Of Non Pros and a Praecipe For Entry Of Judgment Of Non Pros on March 28, 2011. [Appellants] filed a Petition To Open Judgment Of Non Pros and attached a copy of their proposed Complaint on May 26, 2011. It is apparent from the record that [Appellants] were provided with notice of [Appellee's] intention to enter a judgment of non pros on March 10, 2011, and were served with an Affidavit Of Service Of Notice Of Intent To Enter Judgment Of Non Pros on March 25, 2011. However, [Appellants] did not file a Petition To Open Judgment Of Non Pros and attach a copy of their proposed Complaint until May 26, 2011, which was clearly beyond the ten-day time period provided by Pa.R.C.P. No. 237.3(b). [Appellants] waited approximately two months before filing their Petition To Open Judgment Of Non Pros, which clearly violated Pa.R.C.P. No. 237.3(b). Additionally, Attorney Frisk–Miller informed [Appellants] by March 2, 2011, that her firm did not intend to file a Complaint because the claims lacked merit. Mr. Bartolomeo requested that Attorney Frisk examine the case again. Upon examining the record and depositions, Attorney Frisk also decided that a Complaint would not be filed. Attorney Frisk–Miller informed [Appellants] that they should seek new counsel and they would have to do so quickly because of the impending judgment of non pros. New counsel was retained on April 21, 2011, and a portion of [Appellants'] case file was transferred to counsel on May 5, 2011. [Appellants] and new counsel filed their Petition To Open Judgment Of Non Pros on May 26, 2011, approximately two months after previous counsel indicated that they would not file a Complaint in this case. [Appellants] also indicate, in an answer to interrogatories, that they were not informed by Attorney Frisk–Miller regarding their legal options if Attorney Frisk–Miller, Attorney Frisk or Attorney Pietrandrea refused

to file a Complaint. However, the same answer indicates that Mr. Bartolomeo contacted another law firm shortly after learning of the entry of Judgment Of Non Pros on April 1, 2011, and he was advised to petition the Court to open the judgment. There are no depositions or affidavits to indicate why there was a delay in obtaining new counsel or filing this Petition after [Appellants] were informed of the necessity to petition the Court to open the judgment by another law firm. Therefore, the Court did not err by finding that [Appellants'] Petition To Open Judgment Of Non Pros was untimely filed.

Trial Court Opinion, 4/19/12, at 6–8. We agree with the trial court. After a review of the record, there is no merit to Appellants' claim that they did not have adequate notice.

■ Next, Appellants claim the trial court erred in determining that the actions of Appellants' previous counsel were insufficient grounds upon which to grant the petition to open the judgment of *non pros.* We disagree.

Appellants claim that the representation provided by Attorney Frisk and Attorney Frisk–Miller was the cause of the delay. Appellants' Brief at 22. Appellants claim that the trial court erred in concluding that they did not provide a reasonable basis for the delay in filing a complaint. *Id.* at 22–23. As set forth above, a party may seek relief from a judgment of *non pros* where "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action." Pa.R.C.P. 3051(b)(2). Appellants have failed to satisfy this standard. As previously stated, the petition was not filed in a timely fashion. Furthermore, while Appellants focus on Attorney Frisk's health problems as an excuse for the delay,

he was not the only attorney working on the case. Attorney Frisk–Miller specifically informed Appellants that their case had no merit and they would need to act quickly if they wanted to retain new counsel to avoid the judgment of *non pros.* Appellants failed to act.

■ However, the main basis upon which the trial court denied the petition to open was that there was no merit to Appellants' claims, which Appellants challenge in their fourth and fifth issues. Appellants claim the trial court erred in finding that Appellee was unaware of and did not provide alcohol and drugs to Decedent. There is no merit to this issue. The record is devoid of any evidence, or even an allegation, that Appellee, **a corporate entity,** itself or through its agents, provided drugs or alcohol to Decedent. As such, no relief is due. As the trial court explained:

There are no allegations that the Oxycodone, beer or Jaegermeister ingested by the Decedent were actually provided by [Appellee]. [Appellants] merely allege that the bus was on the premises near the facility of [Appellee] and that facility supplied the electricity for the bus during the party. [Appellants] have failed to aver that [Appellee] supplied the intoxicating substances to the Decedent and their Complaint does not set forth a cause of action for social host liability in accordance with the rule cited by the *Looby* Court [*Looby v. Local 13 Productions,* 751 A.2d 220 (Pa.Super.2000) ]. *Id.* [Appellants'] proposed Complaint, which was attached to their Petition To Open Judgment Of Non Pros, is devoid of any reference as to whom [sic] purchased the Oxycodone and alcohol for the minors in attendance at the party. In fact, the proposed Complaint indicates that Mr. and Mrs. Marshall were not home when the party

was occurring. It is averred that the Marshalls' minor son hosted the party attended by the Decedent. There are no averments that Mr. and Mrs. Marshall were aware that the minors were drinking in the old school bus on their property. In addition, [Appellants] also fail to aver that any agent or employee of [Appellee] purchased the Oxycodone or alcohol consumed at the party or were aware that the party was occurring. Thus, there are no allegations that [the Marshalls or Appellee] provided the intoxicating substances to the party attendants as is required to impose liability upon a social host.

Trial Court Opinion, 4/19/12, at 9–10.

■ We agree with the trial court that there is no indication in the record that the corporate Appellee or any agent of Appellee knowingly served intoxicants to Decedent. We also point out that an allegation that a defendant should have known alcohol was being served on its premises is insufficient to sustain a cause of action, as the defendant must have knowingly furnished intoxicants to the minor. *Alumni Ass'n v. Sullivan,* 524 Pa. 356, 359, 572 A.2d 1209, 1210 (1990) (citing *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983)). As such, Appellants have failed to illustrate that they had a meritorious cause of action under Pa. R.C.P. 3051. On this basis, we thus conclude that no relief is due. *See Espenshade v. Espenshade,* 729 A.2d 1239, 1246 (Pa.Super.1999) (this Court may affirm a trial court's decision is if is correct on any grounds).[4]

For the reasons set forth above, we conclude that there was no abuse of discretion and that Appellants are entitled to no relief. Accordingly, the order denying Appellants' petition to open the judgment of *non pros* is affirmed.

Order affirmed.

**4.** In their last issue, Appellants also argue that the trial court erred in determining that Decedent's act of illegally ingesting Oxycodone bars Appellants' recovery under the "no felony conviction recovery rule." We are constrained to point out that the cases where recovery has been barred involve serious offenses committed on the part of the plaintiff. *See Holt v. Navarro,* 932 A.2d 915 (Pa.Super.2007) (recovery barred due to the commission of robbery and simple assault); *Mineo v. Eureka Sec. Fire & Marine Ins. Co.,* 182 Pa.Super. 75, 125 A.2d 612 (1956) (recovery barred due to the commission of arson); and *see also Hurtt v. Stirone,* 416 Pa. 493, 499, 206 A.2d 624, 627 (1965), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965) (explaining the relevance of a prior conviction as a bar to recovery in a civil matter where the prior conviction is not a relatively minor matter). Because Decedent's ingestion of Oxycodone would have been, at most, a misdemeanor if he had been charged and convicted, it should not stand as a bar to recovery. However, the trial court's rationale on this issue was given as an alternate basis for denying Appellant's petition, and we need not discuss this issue further as we have affirmed the trial court's decision on a separate basis. *Espenshade,* 729 A.2d at 1246.