J-A21030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PAWEL GROBELNY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAWA, INC., PHILADELPHIA PIZZA | : | No. 3066 EDA 2023 |
| TEAM, INC., DOMINO'S PIZZA, INC. | : | |
| AND DOMINO'S PIZZA LLC | : | |

Appeal from the Order Entered November 3, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210802403


BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 29, 2025**

Appellant Pawel Grobelny appeals from the order denying his petition to strike or open the judgment of *non pros*.[1]  Appellant argues that the trial court abused its discretion in denying his timely petition after he failed to attend compulsory arbitration.  We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

> [Appellant] initiated this action on August 26, 2021 by filing a complaint naming Wawa, Inc. and Domino's Pizza, Inc.

---

[1] We note that a trial court's interlocutory order denying a petition to open a judgment of *non pros* is immediately appealable.  **See** Pa.R.A.P. 311(a)(1) (stating orders refusing to open, vacate or strike off judgment are appealable as of right); **see also Smith v. Friends Hosp.**, 928 A.2d 1072, 1074 (Pa. Super. 2007) (stating than an order denying a petition to open a judgment of *non pros*, while not disposing of all parties and all claims, is an interlocutory order immediately appealable as of right).

[(Appellees)] alleging claims of private nuisance and negligence. [Appellant] who lives on the 15th floor of the apartment building across the street from the Wawa and Domino's Pizza, alleges that truck noise and truck activity overnight disrupted his daily life. [Appellant] filed an Amended Complaint on December 23, 2021, adding the Domino's Pizza franchisee as a defendant. The case proceeded through discovery as a major jury case, including disposition of several discovery motions and motions to extend the deadlines. On January 5, 2023, [Appellees] filed a motion to remand the case to the compulsory arbitration program. [Appellant] opposed the motion. On January 27, 2023, the Honorable Denis P. Cohen remanded the case to compulsory arbitration. On March 3, 2023, the case was assigned an arbitration date of July 6, 2023.

On June 21, 2023, the parties jointly filed a motion to continue the arbitration for the purpose of exploring settlement. On that same day, Maureen Eagen, Esq., the director of the arbitration center, entered an order denying the continuance. On July 3, 2023, [Appellant's] counsel filed another continuance application, stating "Plaintiffs counsel is out of town on a pre-planned and pre-paid trip. Additionally, the parties are close to reaching a settlement agreement and need additional time to work out the details." Again, Ms. Eagen entered an order denying the continuance application. As a result, the parties knew that the arbitration would proceed as scheduled on July 6, 2023, barring a discontinuance of the action.

On July 6, 2023, counsel for all [Appellees] appeared for the arbitration hearing. Neither [Appellant] nor his counsel appeared. On July 10, 2023, as a result of [Appellant] and his counsel's failure to appear, the Honorable Abbe F. Fletman entered a judgment of *non pros*. On July 19, 2023, [Appellant] filed a petition for relief from the judgment of *non pros*, to which [Appellees] filed responses. Due to the re-assignments of judges within the civil trial division, the undersigned assumed the role of team leader for the program that oversees the motion and assumed jurisdiction over the motion.

On November 2, 2023, after a review of [Appellant's] petition and the responses, this court denied [Appellant's] petition. [Appellant] filed a motion for reconsideration, which this court denied.

Trial Ct. Op., 3/22/24, at 1-3 (some formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Where the record demonstrates clearly and uncontrovertibly that a party's petition to open or strike a judgment *non pros* is timely filed within [nine] days, did the trial court abuse its discretion by denying the petition to open or strike said judgment *non pros*?

2. Where the record demonstrates that a party will suffer unfair prejudice due to the lower court's refusal to grant a continuance of compulsory arbitration, forever barring the party's recovering for damages of earlier instances of ongoing torts, where the continuance was due to the party's counsel's preexisting obligations, did the trial court abuse its discretion by denying the petition to open or strike said judgment *non pros*?

3. Did the trial court abuse its discretion in dismissing the action for failure to attend a compulsory arbitration; for which all parties agreed to continue but the trial court refused the parties' continuance request, where the arbitration would not have had jurisdiction over the Appellant's requested injunctive relief?

Appellant's Brief at 7-8.

Appellant's claims are related. Appellant argues that the trial court employed a "drastic remedy" by dismissing the action solely due to his attorney's inability to attend arbitration. *Id.* at 21. Appellant notes that his counsel filed a motion for a continuance explaining that he was unavailable for arbitration, which the trial court denied. *Id.* at 26. Appellant asserts that because he timely filed his motion to open the judgment of *non pros* within

ten days and provided a reasonable explanation for Appellant's failure to appear at the arbitration hearing, the trial court erred in denying relief. ***Id.***[2]

"A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court[.]" ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013) (citation omitted). Therefore, we review a trial court's decision to deny a petition to open or strike a judgment of *non pros* for an abuse of discretion. ***Id.***

To seek relief from a judgment of *non pros*, the party must file a petition with the trial court which demonstrates that "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b).

Here, the trial court addressed Appellant's claim as follows:

> Rule 1303 of the Pennsylvania Rules of Civil Procedure, and Philadelphia local rules 1303 and 1304, govern the administrative procedures for scheduling compulsory arbitration hearings. Local Rule 1304 provides if the parties fail to appear when the case is called, the case shall be *non prossed*. Similarly, the "Note" to Pa.

---

[2] We note that Appellant briefly mentions an issue concerning whether the trial court had jurisdiction to resolve all of Appellant's claims through the compulsory arbitration process. ***See*** Appellant's Brief at 21. However, Appellant has failed to develop any argument, nor explained how this jurisdiction claim bears on his failure to appear, the order entering *non pros*, or the order denying the petition to open or strike the judgment of *non pros* under the instant circumstances. Therefore, we conclude that this claim is abandoned for purposes of appeal. ***See Commonwealth v. Felder***, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed **in the appellant's brief** is abandoned" for purposes of appeal (emphasis in original)).

- 4 -

R. Civ. P. 1303(b)(2) provides that if the plaintiff is not ready, the trial court may enter a nonsuit, or, if both parties are not ready, a *non pros*. The rules echo Pa.R.Civ.P. 218, which provides that when a case is called for a trial, and a plaintiff is not ready (or does not appear) without a satisfactory excuse, the court may enter a *non pros*. Pa.R.Civ.P. 218(a). Both Rules 218 and 1303 provide that relief from a judgment of *non pros* may be sought through a motion pursuant to Rule 3051.

*       *       *

The procedural history of the case establishes the basis for the court's conclusion that [Appellant] did not have a reasonable excuse for not appearing at the arbitration hearing.

[Appellant] instituted the case as a major jury case in August 2021. Approximately 15 months later, after having ruled on discovery motions and granting the parties extensions of time in the major jury program, Judge Cohen determined that the case would not exceed the arbitration jurisdictional limits and remanded the case to compulsory arbitration. On March 3, 2023, the case was assigned an arbitration date of July 6, 2023. Thus, as of March 3, 2023, the parties had notice that the arbitration hearing would occur in four months. This was ample time for any party to seek a continuance of the arbitration if the date conflicted with a prior commitment.

It was not until June 21, 2023 - 2 weeks before the arbitration hearing- that the parties first, jointly, attempted to seek a continuance. The basis for the joint request was for the parties to "explore settlement." The continuance request was denied. All counsel should have known as of June 21 that the arbitration would proceed on July 6 unless the case was marked settled or discontinued. On Monday July 3, the Monday before the July 4 court holiday, [Appellant's] counsel filed another continuance request. In this second request, [Appellant's] counsel, for the first time, indicated that he was away on vacation, and that the parties were close to reaching a settlement. The continuance request was denied that same day.

Given the two continuance denials, it should have been clear to [Appellant] and his counsel that the arbitration hearing was going forward on July 6. [Appellant] and his counsel made a choice to not appear for the hearing on July 6. All [Appellees] appeared for

- 5 -

the hearing. [Appellant's] counsel could have found a colleague to appear in his place. [Appellant] could have appeared himself, if the case was truly close to being settled, or he could have found substitute counsel to attend. Instead, [Appellant] and his counsel chose to simply fail to appear.

The court is sympathetic to counsel's vacation schedule. But counsel knew the arbitration date - and knew it fell during the July 4 week- as early as March 3. Yet, the first continuance request was not made until June 21, and that request made no mention of a pre-planned vacation, only that the parties wanted to explore settlement. In sum, the court considered all of the applicable factors in determining whether [Appellant's] failure to appear should have been excused, and the court concluded that the circumstances warranted the entry of *non pros*.

Trial Ct. Op. at 3-6.

Following our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's petition to open the judgment of *non pros* after Appellant failed to appear at arbitration. ***See Bartolomeo***, 69 A.3d at 613; ***see also*** Pa.R.Civ.P. 1303(b)(2); Phila.R.Civ.P. 1303. As noted by the trial court, Appellant's counsel was aware of the arbitration date in March, but failed to request a continuance for his pre-planned vacation until three days before the hearing was scheduled. ***See*** Trial Ct. Op. at 6. Therefore, because Appellant did not have a satisfactory excuse for failing to appear at arbitration, the trial court did not abuse its discretion by denying Appellant's petition to open the judgment of *non pros*. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  1/29/2025