J-A14035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RONALD BARILLO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASSOCIATION OF PROPERTY | : | No. 2490 EDA 2024 |
| OWNERS OF THE HIDEOUT, INC. | : | |
| AND JOHN AND JANE DOE, IN THEIR | : | |
| CAPACITY AS A MEMBER OF THE | : | |
| BOARD OF DIRECTORS | : | |

Appeal from the Order Entered August 27, 2024
In the Court of Common Pleas of Wayne County
Civil Division at No(s):  2023-00307

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED SEPTEMBER 4, 2025**

Ronald Barillo appeals from the order denying his petition to strike or open judgment of non pros, which had been entered due to his failure to file a timely amended complaint pursuant to order of court. Barillo argues, *inter alia*, that, in reaching its decision, the court violated the Pennsylvania Rules of Civil Procedure and abused its discretion. We affirm.

Briefly, as recounted by the trial court:

[It initially] overruled and sustained preliminary objections to [Barillo's] complaint by [o]rder of November 1, 2023. The [c]ourt directed [Barillo] to file an [a]mended [c]omplaint within twenty [] days of the November 1, 2023 [o]rder. [Barillo] failed to do so. On February 20, 2024, Curt Parkins, Esq.[,] filed a [p]etition to

_____

* Retired Senior Judge assigned to the Superior Court.

[w]ithrdraw as [c]ounsel and averred that [Barillo] terminated the services of Attorney Parkins in January 2024 and consented to his withdrawal as counsel.

On June 24, 2024, . . . the Association of Property Owners of the Hideout, Inc., ["(the Association)"] filed a [m]otion for [j]udgment of [n]on [p]ros since [Barillo] had not complied with the [c]ourt's November 1, 2023 [o]rder. The [c]ourt issued a rule returnable[,] and the record reflects that [Barillo], [then] *pro se*, was served with the rule. On July 24, 2024, [the Association] filed a [m]otion to [m]ake [r]ule [a]bsolute since [Barillo] did not respond to the rule returnable. That same day, upon verifying that no response of [Barillo] was filed of record, the [c]ourt granted [the Association's m]otion and entered a judgment of non pros in favor of [the Association] and against [Barillo].

On August 21, 2024, [Barillo, now] represented by Andrew Katsock, III, Esq., filed a [p]etition to [s]trike or [o]pen [j]udgment of [n]on [p]ros. [Barillo] averred that the entry of non pros was improper under the applicable rules because a "10 day notice" was not served upon [him]. [The court ultimately denied this petition.]

Trial Court Opinion, 10/22/24, at 1-2 (italics omitted).

Barillo timely filed both a notice of appeal and a court-ordered statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The court, in turn, issued a responsive Rule 1925(a) opinion addressing his contentions.

On appeal, Barillo presents five issues for review:

1. Did the court violate the Pennsylvania Rules of Civil Procedure when it entered a judgment of non pros against him, rendering such a judgment void?

2. Did the court err and abuse its discretion by denying his petition to open the judgment of non pros?

3. Did the court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support its findings?

4. Did Barillo's petition to open possess a reasonable explanation or legitimate excuse for his default, and did the court abuse its discretion in failing to give weight to his sworn and verified petition to open?

5. Did the court err in denying his petition to open the judgment of non pros by failing to consider the equities of the matter, the prejudice to him if the petition to open was denied, and whether the Association would suffer any prejudice if the petition to open default was granted?

*See* Appellant's Brief at 5-6.[1]

"A request to open a judgment of non pros, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court[.]" ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013) (citation omitted). As such, we review a trial court's decision to deny a petition to open or strike a judgment of non pros for an abuse of discretion. ***See id.***

To seek relief from a judgment of non pros when predicated on inactivity, e.g., failure to file an amended complaint, that party must file a petition with the trial court establishing that:

(1) the petition is timely filed,

_____

[1] Although Barillo purports to raise five claims, his argument section only contains two headings: (1) that the court's order was contrary to law; and (2) that the court abused its discretion. *See* Appellant's Brief at 13, 25. This structure is violative of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) (mandating that "[t]he argument ***shall be divided into as many parts as there are questions to be argued***; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Nevertheless, as all of his claims are interrelated, we address them concurrently.

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of non pros does not support a finding that the following requirements for entry of a judgment of non pros for inactivity have been satisfied:

(i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,
(ii) the plaintiff has failed to show a compelling reason for the delay, and
(iii) the delay has caused actual prejudice to the defendant.

Pa.R.Civ.P. 3051(c).

Here, the court found that Barillo failed to meet his burden under this rule:

[Barillo] never complied with the [c]ourt's [o]rder of November 1, 2023, did not request an extension of time to file an [a]mended [c]omplaint[,] and did not provide an explanation for his non-compliance. [Barillo] was served with the [c]ourt's [r]ule [r]eturnable of June 25, 2024[,] and failed to respond. [Barillo] now avers that he was never advised by Curt Parkins, Esq.[,] that he was seeking to withdraw as counsel. This [assertion] is contrary to the record. Attorney Parkins included [Barillo] on the certificate of service of his [p]etition to [w]ithdraw. Attached as "Exhibit A" to the [p]etition is correspondence from [Barillo] to Attorney Parkins stating, "I no longer will be in need of future services as to representing me." The correspondence is signed by [Barillo] and dated January 22, 2024. The record reflects a lack of due diligence on the part of [Barillo] to proceed with reasonable promptitude[] and does not support the existence of a compelling reason for the delay. Lastly, [the Association], as averred in its [m]otion for [j]udgment of [n]on [p]ros, was prejudiced by [Barillo's] inactivity as it continued to incur legal expenses.

Trial Court Opinion, 10/22/24, at 2-3 (italics omitted). In effect, contrary to the assertions made in his petition, the court found all three "non pros for inactivity" prongs enumerated at Rule 3051(c)(3) to be met: Barillo lacked

- 4 -

due diligence in filing an amended complaint, this delay occurred without compelling reasons, and his delay caused actual prejudice in the form of continued monetary expenditures to the Association. *See* Pa.R.Civ.P. 3051(c)(3)(i-iii).

The court also noted that Barillo's "10 day notice" argument, wherein Barillo contended that he was obligated to receive ten days of notice prior to a judgment of non pros being entered against him, was misplaced because "the judgment of non pros was not entered upon praecipe or by the prothonotary pursuant to Rule 1037(a), which would [have] require[d the Association] to file a certification of written notice of intent to file the praecipe." Trial Court Opinion, 10/22/24, at 2 (italics omitted). Instead, "the judgment was entered by the [c]ourt upon motion and after ordering [Barillo] to show cause why judgment should not be entered." *Id.*

Notwithstanding the court's findings, Barillo argues, as an excuse for his lack of due diligence, that he was: (1) never served with his former attorney's petition for leave to withdraw as counsel; (2) never served with the order permitting the withdrawal; and (3) never served with both the court's order to file an amended complaint[2] and the court's rule to show cause as to why a judgment of non pros should not be entered. *See* Appellant's Brief at 18.

_____

[2] Barillo would have still been represented by counsel at this juncture, and there is nothing apparent in the record to suggest that counsel did not receive a copy of this November 1, 2023 order.

Moreover, Barillo claims that the Association failed to provide, or file with the court, a ten-day notice of default, as established in Pennsylvania Rule of Civil Procedure 237.1. **See id.** at 19.[3] As to the timeliness of his petition, Barillo concedes that he filed his petition to open "29 days after the . . . [c]ourt granted the judgment of non pros on July 24, 2024." **Id.** at 23 (italics omitted); **cf. Madrid v. Alpine Corp.**, 24 A.3d 380, 383 (Pa. Super. 2011) ("[U]nexplained delays of 37, 41, and 47 days render a petition to open untimely[,]" requiring a reasonable explanation or legitimate excuse) (citation omitted).

The thrust of Barillo's argument is that, throughout the course of the proceedings, he was not provided notice of what was happening, demonstrating a compelling reason for his inaction. Nevertheless, the record is replete with indicia of him being sent the complained of documents. First, Attorney Parkins's petition to withdraw as counsel included a certificate of service, which noted that he served the petition via the United States Postal Service to Barillo at "205 Ridgewood Cir Lake Ariel PA 18436."[4] Petition to

_____

[3] To the extent Barillo contends that notice was a necessity, we emphasize that Rule 237.1's notice requirement does not apply to a judgment entered by an order of court, upon praecipe pursuant to an order of court, or pursuant to a rule to show cause. **See** Pa.R.Civ.P. 237.1(b)(1-3). In particular, precisely what happened here, "a rule to show cause is itself notice of action to be taken." **Id.**, comment.

[4] Barillo does not contest the accuracy of the mailing address he is repeatedly associated with in the record.

Withdraw as Counsel, Certifiate [*sic*] of Service. In addition, the petition included a letter, purportedly written and signed by Barillo himself—which Barillo does not challenge or refute with competent evidence of record—evidencing the fact that Barillo no longer needed Attorney Parkins's representation as of January 22, 2024. Second, on February 26, 2024, the court granted Attorney Parkins's petition and further ordered Attorney Parkins to "notify [Barillo] of the entry of [that o]rder pursuant to [Pennsylvania Rule of Civil Procedure] 1012.(d)(1)(iv)." Order, 2/26/24. According to a note on the court's order, Barillo is "CCed." ***See id.*** Third, as to the Association's motion for judgment of non pros, it contained a certificate of service establishing that Barillo was sent a copy to the same Ridgewood Circle address identified above. Fourth, the corresponding rule returnable issued by the court, after consideration of the Association's motion, identified Barillo as having been "CCed" in his *pro se* capacity. Moreover, the Association submitted a certificate of service stating that it served a copy of the rule returnable on Barillo at that same Ridgewood Circle address. Likewise, the Association's motion to make rule absolute contains yet another certificate of service, which demonstrated service on Barillo at that same address. Lastly, the court's order making the rule absolute, filed on July 24, 2024, also included Barillo's name as having been "CCed" in his *pro se* capacity. ***See*** Order Making Rule Absolute, 7/24/24.

Other than simply saying that he did not receive *any* of these

documents, Barillo has failed to demonstrate that the trial court's decision to deny his petition to open reflected "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or . . . [was] clearly erroneous." **Bankes v. Cooper**, 171 A.3d 798, 801 (Pa. Super. 2017) (citation omitted). Despite having effectively seven months to file (or attempt to file) an amended complaint, or seek more time in support of the drafting thereof, Barillo failed to act within both the court's explicitly prescribed time limit contained in the November 1, 2023 order and period of time following that order's expiration but before the filing of the Association's motion for judgment of non pros. **See** Order, 11/1/23; **see also** Pa.R.Civ.P. 3051(c). Accordingly, without competent record evidence demonstrating that Barillo acted with due diligence, it was not an abuse of discretion for the court to have found, *inter alia*, that Barillo's actions were deficient, and we affirm the court's order denying Barillo's petition to open or strike judgment of non pros.[5]

Order affirmed.

_____

[5] Although the onus was on him to argue it in his petition, Barillo's appellate brief does not discuss, or even reference, the "actual prejudice to the defendant" prong located at Rule 3051(c)(3)(iii). **Cf.** Pa.R.Civ.P. 3051, comment (requiring "*a showing* that the defendant did not meet each of the three requirements for the entry of a judgment of non pros[]") (emphasis added).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/4/2025