J-S31030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA JACKSON GRAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRENE PERRY, WILLIE WRIGHT, | : | No. 528 EDA 2025 |
| WYNNEFIELD EDUCATIONAL | : | |
| SERVICES, INC. | : | |

Appeal from the Order Entered December 16, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 071103237

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 5, 2025**

Appellant, Patricia Jackson Gray, appeals *pro se* from the December 16, 2024 order entered in the Philadelphia County Court of Common Pleas in which the trial court denied her petition to strike and/or open the judgment of *non pros* that the trial court entered against her. Due to defects in Appellant's brief, we affirm.

This matter has a long and tortured history dating back to November 2007, when Appellant commenced an ejection action for unpaid rents against Wynnefield Educational Services, Inc. d/b/a Wynnefield Primary Academy ("Wynnefield") and residents of its location. She alleged that she was owed a share of the rent collected by Wynnefield because she owned the property as a tenant in common along with her sisters, Ingrid Johnson and Gwendolyn

Jackson, who were not named in the complaint. Appellant obtained a default judgment against Wynnefield and the other defendants.

Relevant to this appeal, Appellant subsequently obtained a writ of execution in attachment against Ingrid Johnson's husband, Appellee Clarence Johnson Sr., in connection with the judgment.[1] On December 13, 2013, the trial court entered default judgment against Appellee for failure to respond to interrogatories, and on January 24, 2014, following an assessment of damages hearing, the trial court entered judgment against Appellee in the amount of $50,939.96 ("January 2014 Judgment").

From 2014 to 2018, Appellant continued to file *praecipes* to revive the judgment and issue writs of execution against Appellee's third-party garnishees. On July 8, 2021, Appellant filed a *praecipe* to revive the judgment against Appellee, specifically ("July 2021 Revival"). On January 20, 2022, the trial court entered default judgment against Appellee for failure to respond ("January 2022 Judgment").

On October 17, 2022, Appellee filed a petition to strike and/or open default judgment, alleging improper service. On December 28, 2022, after an evidentiary hearing, the trial court issued an order granting Appellee's petition ("December 2022 Order"), striking and opening the January 2014 Judgment, July 2021 Revival, and January 2022 Judgment, finding that the judgments

_____

[1] Appellant alleged that Ingrid Johnson was the president of Wynnefield. In 2008, the trial court entered default judgment against Mrs. Johnson as garnishee for failure to respond to interrogatories. Mrs. Johnson died in 2020.

were obtained by Appellant using improper service, unlawful subterfuge, and vexatious litigation.

On January 1, 2023, Appellant filed a motion to vacate the December 2022 Order, which the court denied and dismissed. Appellant then filed a motion for summary judgment asking the trial court to revive the lien against Appellee.

The court listed the case for a bench trial on August 5, 2024. However, on that date, Appellant did not appear. After attempting to contact and locate Appellant, the court denied Appellant's motion for summary judgment and entered a judgment of *non pros* due to her failure to appear.

On August 28, 2024, Appellant attempted to appeal the judgment of *non pros* and the December 2022 Order. However, this Court quashed the appeal because Appellant had not filed a petition to strike and/or open the judgment of *non pros*. On November 3, 2024, Appellant filed a petition to strike and/or open the judgment of *non pros*, which the trial court denied on December 16, 2024.

This appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court err in the [December 2022 Order] striking the [July 2021 Revival] based on improper service?

2. Did the trial court err in its [December 2022 Order] in reopening the [January 2014 Judgment] since the petitioner did not satisfy the three[-]prong test?

3. Did the [trial] court err[] in its [December 2022 Order] in striking the [January 2014 Judgment] since there was no fatal defect or irregularity appearing on the face of the record?

4. Did the trial court err [in its December 2022 Order] by striking the [January 2014 Judgment] because it had not been revived within five years?

5. Did the trial court err [in its December 2022 Order] in using unlawful subterfuge and vexatious litigation as a rationale for striking the [July 2021 Revival, January 2014 Judgment, and January 2022 Judgment]?

6. Did the trial court err [in its December 2022 Order] in violating the coordinate jurisdiction rule?

7. Did the trial court err in issuing [the judgment of *non pros*], as too harsh a penalty, for [Appellant] not appearing at a hearing?

8. Did the trial court err in issuing [the judgment of *non pros*] subsequent to [the December 2022 Order] that was void *ab initio*?

Appellant's Br. at 14-15 (footnotes and duplicated issue omitted).

Appellant appeals from the December 16, 2024 order in which the trial court denied Appellant's petition to strike and/or open the judgment of *non pros*. An order denying a petition to open or strike an order of *non pros* is appealable as of right. ***See*** Pa.R.A.P. 311(a)(1).

In order to open a judgment of *non pros*, "1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist that support a cause of action." ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013) (citing Pa.R.Civ.P. 3051). "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." ***Id.*** at 613-14 (citation omitted). We review the trial court's decision to deny

- 4 -

a petition to open or strike a judgment of *non pros* for an abuse of discretion. *Id.* at 614.

Here, the statement of questions involved and the arguments in Appellant's brief challenge the December 2022 Order as void *ab initio* and the August 5, 2024 entry of *non pros*. Appellant does not, however, present any argument as to how the trial court abused its discretion in denying her motion to strike and/or open the *non pros*. *See* Appellant's Br. at 20-68. When an appellant fails to develop an argument sufficiently for our review, we may dismiss the appeal or find that issue waived. *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). Further, "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Because Appellant fails to address the order denying her petition to strike and/or open the *non pros*, the issues raised in this appeal are waived.[2]

Order affirmed.

_____

[2] We note that as a general rule, this Court has authority to review prior interlocutory orders only when an appellant appeals from the entry of the final order in an action. *Bailer v. Shipley Energy Co.*, 338 A.3d 1026, 1031 (Pa. Super. 2025). Neither of the orders Appellant cites in her brief are final orders. *See* Pa.R.A.P. 341(b)(1) (defining a final order as one that disposes of all claims and all parties). The denial of Appellant's motion to strike and/or open *non pros,* while appealable by right, does not dispose of all claims and all parties. Thus, even if Appellant had not waived her issues on appeal, we would lack jurisdiction to review the December 2022 Order and the August 5, 2024 entry of *non pros*, both of which are interlocutory orders.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2025